Filed 9/18/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>MICHAEL BANDA,<br><br>　　Defendant and Appellant. | No. B284725<br><br>(Los Angeles County<br>(Super. Ct. No. NA103745)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING** |

THE COURT:

IT IS ORDERED that the opinion filed on August 20, 2018, be modified as follows:

On the caption page, second paragraph, attorney Kenneth I. Clayman's title is replaced with Public "Defender".

On page three, first paragraph, line five the words "of that year" are replaced with "2017".

On page four, footnote 3 is replaced with a new footnote, as follows: "In asking the trial court to take judicial notice of the court file, the People referenced only the probation report. In asking this Court before briefing was concluded to augment the

record to include the sentencing hearing at which that report was discussed, the People asserted that the probation report had been "used by the prosecution as the basis for requesting denial of appellant's motion to dismiss." In fact, the police report was not referenced as relevant evidence until the court itself raised the issue at the end of the hearing."

On page seven, under the heading Discussion, A. Proposition 64 the last paragraph is deleted.

On page 10, under the subheading 2. Proposition 36, delete the sentence: "Moreover, the statute here addresses the hearing issue, a fact the People failed to appreciate at the trial court; section 11361.8, subdivision (g), specifies that petitioner has a right to a hearing."

On page 10, under subheading C., first sentence is replaced with "The only evidence relied on by the People at the trial court was the probation report; the People did not ask the court to consider any other evidence or documents."

On page 16, under subheading 3., first paragraph, last sentence replace the word "proffered" with "relied on."

On page 18, under subheading 4., the entire paragraph is replaced with: "The trial court, finding that Banda was ineligible for relief, did not make the determination required by section 11361.8, subdivision (b) whether dismissing the sentence "would pose an unreasonable risk of danger to public safety. The trial court did, however, reduce the conviction to a misdemeanor, as the People conceded. The People's concession necessarily acknowledged that granting Banda relief would not pose an unreasonable risk of danger to public safety. The trial court

could not have resentenced otherwise, given the plain language of the statute.

With respect to dismissal, the People neither requested a different determination in their opposition to Banda's petition in trial court, nor presented any evidence to support such a finding. (*People v. Frierson* (2017) 4 Cal.5th 225, 239 [facts pertaining to unreasonable risk must be proven by the People].)  The People have not asserted in this court that the record would support such a finding.  Accordingly, the People have forfeited the issue. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary.  [Citations.]"].)"

On page 19, under subheading Disposition, delete the last sentence and replace with: "The order denying dismissal of the sentence is reversed and the matter remanded to the trial court."

There is no change in the judgment.
Respondent's petition for rehearing is denied.

_____

ZELON, J.,          PERLUSS, P. J.,          WILEY, J. (Assigned)

3

Filed 8/20/18 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>MICHAEL BANDA,<br><br>     Defendant and Appellant. | No. B284725<br><br>(Los Angeles County<br>(Super. Ct. No. NA103745) |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge. Reversed and remanded.

Kenneth I. Clayman, Public Defender of Los Angeles County, California, Albert J. Menaster, Nikhil Ramnaney, Nick Stewart-Oaten, Deputy Public Defenders, for Defendant and Appellant.

Xavier Becerra, Attorney General of California, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb,

Supervision Deputy Attorney General, Blythe J. Leszkay, Deputy Attorney General, for Plaintiff and Respondent.

———————————

Michael Banda was convicted of a violation of Health and Safety Code, section 11358 in 2016. After the passage of Proposition 64, he petitioned for dismissal of his conviction. The court denied his petition. We now reverse, and remand to the trial court.

## FACTUAL BACKGROUND

Michael Banda was arrested on March 8, 2016 when police arrived at a marijuana dispensary. According to the probation report, which was the only description of the events cited to the trial court on the motion, Banda and another man were stopped fleeing the store; when police searched the location, they found processed marijuana in the store and a number of plants under cultivation in an attached room. Although Banda told the police he was engaged in construction at, and resided at, a specified address, the report did not identify that, or any other address, as the address of the dispensary.

Banda was charged on March 10, 2016 with cultivation of marijuana, a felony. (Health & Saf. Code, §11358.)[1] On that date, he entered a plea of guilty, with an agreed to disposition; defense counsel stipulated to a factual basis for the plea based on

---

[1]   All further statutory references, unless otherwise noted, are to the Health & Safety Code.

the police report.[2]  He was sentenced to probation in accordance with the plea agreement on April 8, after the court ordered and received a probation report; counsel submitted to the probation report for that purpose.

## A. Banda's Motion To Dismiss

In November 2016, the electorate passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act. Among other things, Proposition 64 provided relief to certain persons previously convicted of marijuana related offenses.  In July of that year, Banda filed a petition to dismiss the complaint, or to reduce his conviction to a misdemeanor.  (§ 11361.8.)  The People opposed dismissal, but agreed that reduction to a misdemeanor was warranted.

## B. The Evidence Submitted

After Banda petitioned for relief, the People submitted opposition.  While conceding that Banda qualified for a reduction of his conviction to a misdemeanor, they argued the court should not dismiss the charge.  The sole evidence on which the People relied in their written submission was the probation report; the People neither referred to nor submitted any other evidence to the trial court.

---

[2]  After oral argument and submission of the case, the Attorney General moved to augment the record with the police report.  This Court granted the motion to augment on July 23, 2018.

The probation report, prepared after the plea, set out facts in only two paragraphs. Those facts did not link Banda to the dispensary where the plants were found other than by his presence there; he was not reported to be an employee or owner, nor was the address linked to him identified as the address of the dispensary. No indication of the source of the information which included observations by, and statements apparently made by, unnamed officers, was included in the report; in fact, the probation officer specifically stated that neither the defendant nor the investigating officer had provided any information.

The court heard the matter on August 9 and 10, 2017, denying Banda's request for an evidentiary hearing. The only evidence the People relied on at the hearing was the probation report, as the court acknowledged.[3] Banda objected to the report as containing multiple levels of hearsay, and lacking identification of the source of the information included. Arguing that relevant case law allowed the court to consider reliable hearsay in this proceeding, the People posited that a probation report is always reliable hearsay.

On August 10, the court considered additional case citations submitted by the parties. During that hearing, Banda argued that, at the time he submitted to the probation report for

---

[3] In asking the trial court to take judicial notice of the court file, the People referenced only the probation report. In asking this Court before briefing was concluded to augment the record to include that report, the People asserted that the probation report had been "used by the prosecution as the basis for requesting denial of appellant's motion to dismiss."

4

sentencing purposes, the number of plants discovered by the police was irrelevant to the disposition of the matter.[4] The court indicated that it believed it could supplement the information in the probation report by considering the return to the search warrant;[5] Banda objected that the return was neither reliable nor admissible. Nonetheless, after making its ruling, the court indicated it had based its decision on the probation report, the search warrant, and the police report. Of those, only the probation report was submitted by the People to satisfy their burden of proof.[6] The court did not address the reliability of any of the documents, despite Banda's objections. The court denied dismissal, and reduced the conviction to a misdemeanor.

Banda timely filed a petition for writ of prohibition in this court. We deemed the proceeding an appeal on November 1, 2017.[7]

---

[4] Both parties, as well as the court, appeared to believe that Banda had stipulated to the probation report as the factual basis for the plea. The record demonstrates, however, that the stipulation was to the police report; the probation report was not prepared until after the plea hearing.

[5] The return to the search warrant is not in the record presented to this Court.

[6] As noted above, the People did not seek to rely on, or seek judicial notice of, any documents other than the probation report.

[7] We ordered that the petition be deemed the opening brief and the exhibits constitute the record.

5

## DISCUSSION

### A. Proposition 64

Proposition 64 (Ballot Pamp., Gen. Elec. (Nov. 8, 2016) legalizes and regulates nonmedical marijuana. The proposition added various sections to the Health and Safety Code. As relevant to this case, section 11362.1 permits the cultivation of not more than six living marijuana plants (§ 11362.1, subd. (a)(1) & (3)) and reduces the punishment for an adult cultivating more than six plants to a misdemeanor, unless other circumstances, not relevant here, are present. (§ 11358, subds. (c) & (d).)

Proposition 64 also added a provision for relief for persons with prior convictions. The enactment permits those, like Banda, currently serving a sentence for enumerated offenses that would either not be offenses or would be lesser offenses if the current law were in effect at the time of the conviction, to petition for recall or dismissal of the sentence. Section 11358, under which Banda was convicted, is an enumerated offense. (§ 11361.8, subd. (a).)

The procedure for a petition for relief was specified in section 11361.8, subd. (b). Pursuant to the statute, the court is required to presume that the petitioner satisfies the criteria in subdivision (a), unless "the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria. If the petitioner satisfies the criteria in subdivision (a), the court shall grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court

6

determines that granting the petition would pose an unreasonable risk of danger to public safety." (*Ibid.*)[8]

The statute permits petitioner to request a hearing, but does not require one in the absence of a request. (§11361.8, subd. (g).)

B. The People's Burden of Proof

As outlined in the statute, the People bore the burden of demonstrating, by clear and convincing evidence, that Banda did not satisfy the criteria for relief. The statute does not, however, specify what evidence the court may consider.

Other recent voter approved initiatives, which provided a mechanism for relief for certain prior convictions similarly failed to specify procedural details, leaving trial courts in a quandary. Both the nature of the evidence the court could consider, and the ability to rely on evidence outside the record of conviction, were raised as issues requiring determination after the passage of both Proposition 36, the Three Strikes Reform Act of 2012, and Proposition 47, the Safe Neighborhoods and Schools Act (2014).

1. Proposition 47

Proposition 47 reduced the punishment for a broad category of crimes previously classified as felonies. In *People v. Romanowski* (2017) 2 Cal.5th 903, the Supreme Court considered, among other issues, how courts were to determine

---

[8] The People have not asserted, in the trial court or in this court, that dismissing the charges would pose a risk of danger to public safety.

7

eligibility for relief.  Under Proposition 47, the petitioner seeking relief bears the burden of proving his or her eligibility.  The Court determined that, in some instances, the record of conviction would contain the facts necessary to demonstrate eligibility.  In others, however, an evidentiary hearing would be required if, after considering the record and any matters in the petition, the return, affidavits, or matters subject to judicial notice, the court believed "the petitioner's entitlement to relief depends on the resolution of an issue of fact."  (*Id*. at p. 916, *quoting* Cal. Rules of Court, rule 4.551(f).)

In *Romanowski,* as here, the issue of fact concerned a question not relevant at the time of conviction and sentencing: there, the value of property taken, and here, the number of plants under cultivation.  (See also *People v. Page* (2017) 3 Cal.5th 1175, 1189 [where material facts are not established by the record of conviction, the court can conduct an evidentiary hearing after a prima facie showing is made by petitioner].)

2.  Proposition 36

Proposition 36 allows resentencing for certain persons sentenced under the "Three Strikes" law for non-serious, nonviolent felonies.  As was the case with Proposition 47, and is the case with Proposition 64, the enactment left open questions as to the nature of the proof required.  In 2018, the Supreme

8

Court addressed those issues. (*People v. Perez* (2018) 4 Cal.5th 1055.)**9**

In *Perez*, the court first clarified that, when a petition is filed, it is the prosecution's burden to prove ineligibility for relief beyond a reasonable doubt; once petitioner makes an initial showing of eligibility, he or she has no further burden to provide any evidence. (*Id.* pp. 1062, 1066.)**10** The court reaffirmed its ruling in *People v. Estrada* (2017) 3 Cal.5th 661, 672, that the court could properly consider facts beyond the record of conviction, and held that the court could, consistent with the Sixth Amendment, consider facts not found by the jury. (*Perez, supra,* 4 Cal.5th at p. 1063.)

Thus, to the extent the court and the parties in this case were uncertain that the court could consider facts beyond the record of conviction, and could do so in an evidentiary hearing, the reasoning of the decisions in *Perez* and *Romanowski* indicate that the same should be true in cases under Proposition 64.

---

**9** We invited the parties to address *Perez*, which was decided after briefing was complete in this matter. Each party advised this Court of their belief that *Perez* has no impact in this matter. We disagree.

**10** The People argued on appeal that Banda failed to introduce evidence contradicting the probation report and that, as a result, the People had met their burden of proof. However, under Proposition 64, as under Proposition 36, the burden is on the People. The introduction of only inadmissible evidence to meet that burden means that Banda had no obligation to produce additional evidence.

Moreover, the statute here addresses the hearing issue, a fact the People failed to appreciate at the trial court; section 11361.8, subdivision (g), specifies that petitioner has a right to a hearing. Section 11361.8, subdivision (a) placed the burden of proof on the People; as *Perez* and *Romanowski* made clear, the People were not limited in meeting that burden to facts already in the record.

### C. The People Failed To Meet Their Burden of Proof

#### 1. The Probation Report Was Admissible Only If It Was Reliable

The only evidence submitted by the People to the trial court was the probation report; the People did not present, or ask the court to consider, any other evidence or documents.  Probation reports are not, however, automatically admissible to prove relevant facts.

The People correctly assert that the petition in a Proposition 64 case, as in Propositions 36 and 47, bears the hallmarks of a resentencing proceeding.  In such cases, trial courts may consider hearsay if that hearsay is reliable.  (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754, fn. 2; *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1095 [eligibility hearing under Prop. 36 is a type of sentencing proceeding, allowing limited use of hearsay from probation reports if shown to be reliable]; *People v. Lamb* (1999) 76 Cal.App.4th 664, 683.)

A probation report is inadmissible hearsay, however, when "the report excerpt includes the officer's assertions that certain events "reportedly" occurred [during the prior assault]. Narration of "reported" events is by definition based on the

10

statements of others.  Indeed, unless the probation officer was a percipient witness [to the assault], all of the narration contained in the excerpt must have been drawn from other people's previous statements. [¶]  The report fragment does not identify the declarant or declarants from whose statements the probation officer drew his factual summary." (*People v. Reed* (1996) 13 Cal.4th 217, 230-231 [excerpt of probation report inadmissible hearsay in proceeding to prove that prior conviction was serious felony].)

In *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1459, the defendant had been convicted based on his plea.  In a subsequent proceeding under Proposition 36, the trial court relied on the probation report related to that conviction.  Assuming for purposes of decision that the probation report was properly before the trial court, the *Burnes* court concluded the trial court nonetheless erred in relying on the facts contained in the report.  As the court explained, "The probation report here was neither admissible nor reliable.  The portion of the probation report that described the circumstances of defendant's offenses was derived from a police report.  The probation report thus constituted double hearsay or multiple hearsay, and the People never attempted to show that the probation report was admissible under an exception to the hearsay rule.  Moreover, nothing in the probation report established the reliability of the asserted circumstances of the offenses:  the probation report did not include a copy of the police report; the probation report did not state whether it was directly quoting from the police report or summarizing the police report; the probation report did not specify whether it contained all of the facts included in the police

11

report; the probation report did not state when the police report was prepared; the probation report did not identify the person who prepared the police report; and the probation report did not specify whether the facts in the police report were based on firsthand knowledge or hearsay.  Given these circumstances, it is impossible to conclude that the probation report reliably described the circumstances of defendant's offenses.  Because the probation report was neither admissible nor reliable, the trial court erred in relying upon it in determining that defendant was ineligible for resentencing.  [Citation]." (*Ibid.*)

The same is true in this case.  The trial court made no finding that the probation report was reliable, despite Banda's repeated objections.[11]  The fact that the court found it necessary to rely on other documents indicates that it may not have believed the probation report was sufficient.  If we assume for purposes of decision that the trial court impliedly found the probation report to be reliable, that finding was an abuse of discretion.  As in *Burnes*, the source of the report was unknown; if the probation officer relied on the police report, he included no information about the preparation or contents of that report.  The probation report contained hearsay on its face, for which no exception was argued; indeed, no one directly related to the

---

[11]     This Court, having had the opportunity to review the police report, notes that there are factual inconsistencies related to Banda between that document and the probation report, which further calls into question the reliability of the probation report. Because that report did not meet the standard for admissibility described above, we need not resolve those inconsistencies.

12

events was contacted in its preparation. Nothing on the face of the report demonstrated that the hearsay it contained was reliable. As in *Burnes*, the report was not evidence that Banda was ineligible for the relief he sought.[12]

The People relied on *Sledge, supra*, 7 Cal.App.5th 1089, but it does not support the admission of the probation report here. In *Sledge*, the court found the report, despite its hearsay nature, to be reliable because it: had been prepared by probation officers performing their official duties, relying in part on information obtained from official court records prepared by clerks performing their regular duties; was used by both parties without objection throughout the case; and contained conclusions supported by other facts before the court. (*Id.* at pp. 1097-1098.) Here, in contrast, while the report was prepared by the probation officer, who we presume was performing his official duties, it was only submitted to for a limited purpose, a purpose that did not relate to the factual issue now presented. Moreover, in this case the People relied on no other evidence to support the showing they were required to make.

---

[12] See also *People v. Johnson* (2016) 1 Cal.App.5th 953, 968 fn. 16 [finding insufficient evidence in Prop. 47 case after a negotiated plea agreement where there was no evidence of value; the probation report was not admissible evidence; and the police report was unauthenticated and contained multiple levels of hearsay].

13

## 2. Even If The Probation Report Were Properly Admitted, It Contains No Evidence Establishing That Banda Was Ineligible For Dismissal

In this case, as in *Romanowski*, the facts relevant to the determination of eligibility were not relevant at the time of plea and sentencing. (See, e.g., *Johnson, supra,* 1 Cal.App.5th at pp. 966-967 [Proposition 47 created misdemeanors that did not previously exist, or that were felonies requiring different showings, making different facts relevant at time of resentencing hearing].) A stipulation to a document to provide a factual basis for a plea is an admission only of the facts necessary to the charged offense itself. (*Reed, supra,* 13 Cal.4th at p. 224; *People v. Thoma* (2007) 150 Cal.App.4th 1096, 1104.) As a result, in this case, even had the probation report provided the factual basis for the plea, as the People believed, that report did not provide substantial evidence of the number of plants, the critical issue in this proceeding.[13]

With respect to the probation report, even had Banda been interviewed by the probation officer who prepared the report,

---

[13]     In *People v. Holmes* (2004) 32 Cal.4th 432, the Supreme Court explained the requirement of a statement of factual basis for a plea, either by the defendant, or through counsel's stipulation to a document supporting the charges to which the plea pertained. What the Court required was "a factual basis for each essential element of the crime." (*Id.* at p. 440.) The number of plants was not an essential element of the crime of cultivation at the time of Banda's plea in this case.

14

admissions made by a defendant after a guilty plea do "not reflect the facts upon which [the defendant] was convicted." (*People v. Trujillo* (2006) 40 Cal.4th 165, 180 [admissions in post-conviction probation report may not be relied on in determining whether prior conviction qualifies as a strike].) Here, Banda was not interviewed; he made no admissions. Instead, his counsel submitted to the report for purposes of sentencing. The sentence had been agreed to as part of the plea, and, like the plea itself, did not concern in any way the number of plants involved. Accordingly, submission to the probation report was not an admission as to the number of plants described in that report.[14] The People presented no admissible evidence with respect to the number of plants, the factual issue critical to this proceeding.

---

**14** We need not resolve whether counsel's submission to the probation report for the purpose of imposition of the previously agreed to sentence reflected binding agreement to the contents of that report, or only a conclusion that, under the circumstances, nothing further need be said. Even a direct statement by a defendant to a probation officer, made after the guilty plea has been accepted is not evidence of the "facts of the offense for which the defendant was convicted." (*Trujillo, supra,* 40 Cal.4th at p. 179; citing *Reed, supra,* 13 Cal.4th at p. 223.) The failure to dispute facts set forth for sentencing, post-plea, is not an adoptive admission of the facts allowing hearsay statements to be used; only admissions made prior to the plea are admissible. (*Thoma, supra,* 150 Cal.App.4th at pp. 1102-1103.)

### 3. Judicial Notice Augmenting The People's Showing Was Improper

The People failed to submit substantial evidence or any admissible evidence at all, to meet its burden to show, by clear and convincing evidence, that Banda was ineligible for relief. The trial court augmented that insufficient showing by taking judicial notice of other documents, documents not proffered by any party.

The trial court attempted to fill in the blanks left by the prosecution by taking judicial notice. Evidence Code section 452, subdivision (d) allows the trial court in its discretion to take judicial notice of its own records. However, if the subject of judicial notice is "of substantial consequence to the determination of the action," Evidence Code section 455 requires the court to allow each party to present information relevant to the propriety of taking judicial notice and as to the tenor of the matter to be noticed. (*Estate of Russell* (1971) 17 Cal.App.3d 758, 765 [where the previous financial condition of the trust would have been "of substantial consequence to the action," the trial court could not take judicial notice of records of the court containing financial information absent notice to the parties].)

This the trial court did not do; although it indicated it intended to take judicial notice of the return to the search warrant, to which Banda objected, it did not indicate it was taking judicial notice of the police report until after it had ruled, depriving Banda of both notice and the opportunity to object. (See *People v. Griffith* (1971) 19 Cal.App.3d 948, 951 [no waiver

16

of objection to judicial notice when court ruled immediately after commenting upon the possibility of taking judicial notice].)

Even had judicial notice of the police report been proper, despite the People's failure to proffer it to meet their burden of proof, the trial court erred by considering Banda's stipulation to that report as the factual basis for the plea as proof of the number of plants under cultivation, as that issue was irrelevant to his plea. In *Reed, supra*, 13 Cal.4th 217, the Court addressed the proof necessary to show that a previous conviction was a serious felony for the purpose of imposing a sentence enhancement under Penal Code section 667, subdivision (a). At issue was the use of a preliminary hearing transcript and the excerpt of a probation report for the prior conviction, which had been based on a plea. Respondent argued that both documents, although hearsay, were properly considered as defendant's admissions to show that the previous conviction was a qualifying felony. The Supreme Court rejected that position, reasoning, in relevant part, that: "[n]o evidence suggests that in his plea defendant was asked to, or did, admit any particular facts stated in the preliminary hearing or probation report other than those facts necessary to the []charge itself." (*Reed, supra,* 13 Cal.4th at p. 224.) The Court held the admission of the probation report was error, although harmless under the circumstances, because the report contained hearsay to which no exceptions applied. (*Id.* at p. 230.) It was error here as well.[15]

---

[15]     Cf. *People v. Otto* (2001) 26 Cal.4th 200, 209. The *Otto* Court, in a sexually violent predator case, found that Welfare and

### 4. The People Forfeited Any Argument That Granting Banda's Petition Would Pose An Unreasonable Risk

The trial court, finding that Banda was ineligible for relief, did not make the determination required by section 11361.8, subdivision (b) whether dismissing the sentence "would pose an unreasonable risk of danger to public safety." The People neither requested that determination in their opposition to Banda's petition in the trial court, nor presented any evidence to support such a finding. The People have not asserted in this court that the record would support such a finding. Accordingly, the People have forfeited the issue. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]"].)

---

Institutions Code section 6600, subdivision (a)(3) allowed the admission of documentary evidence including probation reports, despite their contents being hearsay that does not fall within an exception to the hearsay rule, because the Legislature specifically permitted the use of those documents in the proceeding. The Court specifically contrasted this use with the determination that the documents were inadmissible hearsay in *Reed*, finding the use of the documents proper in *Otto* both because of the statutory exception, and because the declarants were identified. (*Otto,* at p. 209.) Banda's case, like *Reed*, has neither a statutory exception nor the identification of declarants.

18

## DISPOSITION

The order denying dismissal of the sentence is reversed and the matter remanded to the trial court to dismiss the charge against Banda in accordance with the statute.


ZELON, J.


I concur:


PERLUSS, P. J.

WILEY, J., dissenting.

I respectfully dissent from the majority's thoughtful opinion. Defendant Michael Banda stipulated, first, to the police report when he pleaded guilty and, second, to the presentence probation report at his later sentencing. Those two reports and Banda's two separate stipulations establish that he had hundreds more marijuana plants than Proposition 64 allows. His proper Proposition 64 sentence is a misdemeanor, as the trial court ruled. I would affirm.

I

When on March 10, 2016 Banda pleaded guilty to cultivating marijuana, the trial court was required to satisfy itself that there was a factual basis for his plea. Courts can satisfy this requirement by asking defense counsel to stipulate to a particular document that provides an adequate factual basis, such as a police report or probation report. (*People v. Palmer* (2013) 58 Cal.4th 110, 112–113.) This trial court asked Banda to stipulate to the police report to establish the factual basis for Banda's plea. Banda did so.

Later, on April 8, 2016, the trial court sentenced Banda. At this second hearing, Banda again stipulated to the prosecution's version of events, this time set out in a different and shorter document: the probation report.

The stipulated police report and the stipulated probation report explain what happened in this case. Police approached the Green Star Collective with a search warrant. Banda tried to leave the location, but officers detained him. Banda told police he

1

resided at the location and was engaged in construction there. A room at the location contained 192 medium marijuana plants and 77 small marijuana plants, for a total of 269 marijuana plants.

The law changed after Banda's sentencing. In November 2016, Proposition 64 legalized personal cultivation of marijuana. Today, people can legally grow six or fewer marijuana plants, but Proposition 64 makes it a misdemeanor to grow more than that. (Health & Saf. Code, §§ 11362.1, subd. (a)(3), 11358, subd. (c).) Banda grew 263 plants more than six.

Proposition 64 permits people in Banda's situation to petition to apply the new rules to their cases. Banda did so, but asked the trial court entirely to abolish his conviction, which would be appropriate only if Banda had been cultivating six plants or fewer. The prosecution disagreed, pointing to the probation report to which Banda had stipulated, which numbered his plants at more than six. At his Proposition 64 hearing on August 9 and 10, 2017, however, Banda objected to this probation report as inadmissible hearsay. In response, the trial court read aloud from the transcript of Banda's sentencing hearing, noting that Banda had acknowledged and accepted the probation report. The court asked Banda why his stipulation to the probation report was insufficient. Based on Banda's stipulation, the trial court then reduced his conviction to a misdemeanor but refused to erase the conviction completely.

## II

The trial court was right. At the Proposition 64 hearing, the prosecution bore the burden of proving the facts by clear and convincing evidence. The prosecution offered more than that. It

offered Banda's stipulation.  The Proposition 64 hearing judge did not confront an evidentiary contest requiring weighing and resolution by a clear and convincing standard of proof.  Instead, the prosecution showed that, at sentencing, all sides had stipulated to the facts.  Such a stipulation is conclusive without reference to additional evidentiary support.  (*People v. Palmer*, *supra*, 58 Cal.4th at pp. 117–118.)

As with other discretionary sentencing decisions where the defendant has had an opportunity to review the postplea probation report and to challenge its contents, including its statement of the facts and circumstances of the offense, the trial court is entitled to consider the information in that report in determining whether to reduce a felony conviction to a misdemeanor.  (Cf. *People v. Tran* (2015) 242 Cal.App.4th 877, 887 [interpreting Pen. Code, § 17, subd. (b)].)

Under the new Proposition 64 rules, the proper sentence for Banda is a misdemeanor.

Banda now maintains his stipulation does not count.  Why not?  Banda gives six erroneous reasons.

## A

First, at oral argument Banda claimed he did not stipulate to the probation report.  The record is to the contrary:

> "THE COURT:  [This case is] here for sentencing. Mr. Banda is present.  Waive formal arraignment for judgment, time for sentence?
> "BANDA'S COUNSEL:  Yes.  No legal cause.
> "THE COURT:  And submit to the probation officer's report?

**3**

"PROSECUTOR:  Yes.

"*THE COURT:  Submit to the probation officer's report?*

"PROSECUTOR:  Yes, Your Honor.  Submitted.

"*BANDA'S COUNSEL:  Yes.*"  (Italics added.)

This exchange established a stipulation.  On April 9, 2017, Banda agreed.  In the trial court, during his Proposition 64 hearing on that date, Banda described this transcribed exchange as a "stipulation."  On appeal, however, Banda reversed course to claim during oral argument that his agreement to "submit" on the probation report was not a stipulation.  This opportunistic reversal is untenable.

The reasonable interpretation of Banda's words at sentencing is that he was not contesting the probation report:  he was waiving any possible objection.  Had Banda intended some other and more limited meaning, evidence law (as well as ordinary courtroom procedure and simple fairness) required Banda to state a timely and specific objection to the probation report.  Crossing fingers behind your back should not work in court.

B

Second, Banda argues the probation report was admissible only if it was reliable.  This is incorrect:  Banda stipulated to the probation report.

Banda's stipulation was akin to an evidentiary stipulation, the making of which is a tactical decision entrusted to trial counsel.  Such a stipulation is conclusive without reference to additional evidentiary support.  (*People v. Palmer*, *supra*, 58 Cal.4th at pp. 117–118.)

4

This rule is consistent with defense counsel's broad authority to stipulate to factual and procedural matters on his client's behalf. Even at trial, counsel may stipulate to the existence or nonexistence of essential facts. Counsel may also stipulate to the admissibility of evidence or to narrow the range of litigable issues. Stipulations obviate the need for proof and are independently sufficient to resolve the matter at issue in the stipulation. (*People v. Palmer, supra*, 58 Cal.4th at p. 118.)

Unless the trial court, in its discretion, permits a party to withdraw from a stipulation, it is conclusive upon the parties, and the truth of the facts it contains cannot be contradicted. (*Palmer v. City of Long Beach* (1948) 33 Cal.2d 134, 141–142 (Traynor, J.); cf. CALCRIM No. 222 ["During the trial, you were told that the People and the defense agreed, or stipulated, to certain facts. This means that they both accept those facts as true. Because there is no dispute about those facts you must also accept them as true."] [Citing *Palmer v. City of Long Beach, supra*, 33 Cal.2d at pp. 141–142].)

Parties routinely stipulate to documents that would be inadmissible absent the stipulation. (E.g., *People v. Holmes* (2004) 32 Cal.4th 432, 436 [when taking a guilty plea, trial court should ask defense to stipulate to a particular document that provides an adequate factual basis, such as a police report or a probation report].)

Why would someone stipulate to an inadmissible document? The usual reason is because the stipulation is true and the other side can prove it.

Hearsay can be objectionable and inadmissible, but that does not mean the hearsay is untrue. If Abby tells Barry that

Carol told her the sky is blue, that is multiple hearsay. Nonetheless, the sky truly is blue. That is easy to prove. There are many witnesses. It can be advantageous simply to agree to hearsay that is true.

Many stipulations are to documents drafted by counsel for purposes of litigation. These documents would be inadmissible hearsay without a stipulation. Those otherwise inadmissible documents, however, can summarize the inevitable result of proving the documents' contents through formal and time-consuming evidentiary processes. A stipulation saves the time and effort of summoning witnesses from their daily responsibilities to a courthouse where they will have to wait to testify in a trial court with a sizable docket of its own. A stipulation can achieve the same end, swiftly and cleanly, with complete fidelity to the truth.

Banda stipulated to the probation report. Such a stipulation is conclusive without reference to additional evidentiary support. (*People v. Palmer*, *supra*, 58 Cal.4th. at pp. 117–118.)

C

Third, Banda claims his stipulation was of a limited scope. This claim has no basis in the record. When the court asked if Banda submitted to the probation report, Banda's attorney gave a one-word answer: "Yes." Banda's stipulation was counseled, unqualified, and unlimited. (Cf. *People v. French* (2008) 43 Cal.4th 36, 42, 50–51 [defendant pleaded no contest and defense counsel qualified the factual basis stipulation accordingly].)

Banda suggests he stipulated to the probation report without stipulating to the facts it recited. This argument puzzles me. It suggests that, despite having stipulated to a factual summary, Banda remained free to contest the summarized facts. I know of no precedent for this suggestion, which would have the practical effect of making stipulations meaningless. Rendering courtroom agreements meaningless would be an unhappy result, with unfortunate consequences for all.

D

Fourth, Banda claims the facts about his offense were not relevant when he pleaded guilty and was sentenced. This is inaccurate. The facts of Banda's crime indeed were relevant.

When parties negotiate a plea deal and sentence, the magnitude of culpability is relevant. The goal of criminal law is to determine whether the defendant has committed a crime, and, if so, to impose a punishment that fits the crime. What punishment fit Banda's crime? In contraband cases, the presence of the contraband, and in what magnitude, is relevant. Banda and the prosecution negotiated his plea deal before Banda pleaded guilty. Negotiated plea deals are adjustable in degrees: how many days in custody, how many days of community service work, how many dollars in fines, and so on. The degree of Banda's culpability was relevant to this negotiated adjustment. One cannot reasonably maintain the prosecution would have given Banda the same deal no matter his level of culpability. Orders of magnitude matter.

7

The Supreme Court required stipulations of the sort Banda made when pleading guilty. One reason is to provide a more adequate record of the conviction process. (*People v. Holmes*, *supra*, 32 Cal.4th at p. 438, fn. 2.) This more adequate record of the conviction process shows Banda pleaded guilty on the same factual basis as in the stipulated probation report: 269 plants; flight from the Green Star Collective; Banda telling police he resided at and was performing construction at the location.

The police report to which Banda stipulated during his guilty plea is longer than the probation report and elaborates on some details. A "small" marijuana plant was six to 10 inches tall, while a "medium" plant was two and a half to three feet tall. The room with the marijuana plants was a hydroponic facility. Banda told police that most of the tools inside the location were his and that he was familiar with hydroponics. In the opinion of the arresting officer, the location was the beginning stages of an advanced hydroponic marijuana grow.

Proposition 64 introduced a new distinction between growing six versus seven plants. The distinction did not exist at the time of Banda's sentencing. This new distinction does not imply the facts of Banda's crime were irrelevant to his plea and sentence. No defense attorney expects a prosecutor to treat a small time personal-use hobbyist the same as someone building a large scale commercial drug supply site.

Banda twice agreed the number of plants was 269. This fact about 269 plants was the basis for the deal that the prosecution and the defense negotiated and that the court accepted and imposed. The magnitude of culpability, including the magnitude of contraband, was relevant when Banda chose to

8

stipulate.  It remains relevant today.  Banda's stipulation is binding.

E

Fifth, Banda at oral argument claimed there were inconsistencies between the police report and the probation report.  Banda did not identify these inconsistencies.  I see none.

The probation report accurately summarized the longer and more detailed police report.  The two documents are consistent in every detail.

For instance, the probation report stated police detained Banda and the other arrestee while the two were "attempting to flee the location."  The police report contains additional detail.  It states an officer observed the other arrestee "run from the rear" of the location into a parking lot, where police detained him.  "A few minutes later" the same officer observed Banda "exit the rear" of the same location, and the same officer "detained Banda in the rear without incident."  So police detained both Banda and the other man while they were attempting to flee the location.  The probation report is consistent with the more detailed police report.

In another example of consistent and additional detail, the police report states the location of the Green Star Collective marijuana operation encompassed two adjoining street addresses while the probation report summarily refers to a single "location" without including the immaterial point about two street addresses.

The two reports are consistent, despite Banda's assertion to the contrary.  Most significantly, there can be no claim there was

9

inconsistency about the number of plants. Both documents agree there were 192 medium plants and 77 small ones, for a total of 269 plants.

F

Sixth, Banda cites case law. None of it construes the statute at issue here, which is Proposition 64. None of it permits Banda to ignore his binding stipulations.

Banda argues two Supreme Court opinions, *Trujillo* and *Reed*, limit the effect of his stipulation to the facts necessary to the charged offense itself. (See *People v. Trujillo* (2006) 40 Cal.4th 165; *People v. Reed* (1996) 13 Cal.4th 217.) But neither *Trujillo* nor *Reed* involved stipulations. Neither holding permits Banda to disregard the facts to which he twice has stipulated.

There is a second and independent reason why *Trujillo* and *Reed* cannot control this case. *Trujillo* and *Reed* are recidivism cases. *Trujillo* held that, within the meaning of the "Three Strikes" law, a probation officer's report is not part of the record of conviction that a trial court may consider in determining whether a defendant's past conviction was a serious or violent felony. (*People v. Trujillo*, *supra*, 40 Cal.4th at pp. 175, 178, 181.) *Reed* held that, for purposes of the habitual criminals statute, a statement in a probation report cannot prove a past conviction was for a serious felony. (*People v. Reed*, *supra*, 13 Cal.4th at pp. 220, 230.)

These cases do not interpret the statute in this case, which is Proposition 64. *Trujillo* and *Reed* interpreted statutes that differ fundamentally from Proposition 64.

**10**

Recidivism statutes embody principles contrary to Proposition 64. The goal is to punish recidivism by lengthening current sentences based on past convictions. The recidivism laws allow prosecutors to collect old facts about past convictions as a way to *increase* the punishment imposed for later offenses. By contrast, Proposition 64 aims to *decrease* sentences, and in some cases to abolish convictions altogether, because social attitudes about marijuana have changed. Proposition 64 heads the opposite way from the recidivism statutes.

The concerns that animate the recidivism holdings are missing from the Proposition 64 setting. In the recidivism arena, defendants can be in danger of being prosecuted and punished twice for the same offense. There is also a speedy trial issue. Permitting prosecutors to litigate the circumstances of a crime committed years in the past thus raises serious problems akin to denial of speedy trial and double jeopardy. (See *People v. Trujillo, supra*, 40 Cal.4th at pp. 176, 177, 179, 180; *People v. Reed, supra*, 13 Cal.4th at p. 223.)

Speedy trial and double jeopardy concerns do not exist in the Proposition 64 setting. Under Proposition 64, events are triggered not by prosecutors but by people like Banda. There is no speedy trial concern because Banda decided when to petition. Banda, not prosecutors, controlled the timing. And there is no double jeopardy concern, as Banda conceded at oral argument. Banda faces no danger of being prosecuted twice for a single culpable action. (Cf. *People v. Tran, supra*, 242 Cal.App.4th at pp. 889–890 ["Defendant argues *People v. Trujillo* (2006) 40 Cal.4th 165 (*Trujillo*) supports his claim the probation report could not be considered by the trial court, as the court in *Trujillo*

**11**

stated postplea probation reports 'do not "reflect[] the facts of the offense for which the defendant was convicted."' [Citation.] *Trujillo* does not assist defendant, as it deals with a different circumstance than the one at issue here. . . . Here, the prosecution is not attempting to prove an enhancement allegation to *increase* defendant's sentence. Rather, defendant is seeking leniency from the court to *reduce* his offense. . . . Accordingly, there is no risk akin to double jeopardy or forcing defendant to relitigate the circumstances of the crime."].)

Banda also cites *People v. Thoma* (2007) 150 Cal.App.4th 1096, but that opinion is a recidivism holding as well. (See *id.* at pp. 1099, 1101, 1102–1104 [decision is based on *Trujillo* and *Reed*].) *Thoma* did not interpret Proposition 64. *Thoma* also predated the Supreme Court's 2013 statement in *People v. Palmer* that stipulations are conclusive without reference to additional evidentiary support. (*People v. Palmer*, *supra*, 58 Cal.4th at pp. 117–118.)

"[Banda] has offered no authority for his position that considering the facts and circumstances of an offense, as related in a probation report, somehow transforms the conviction itself or redefines the crime for which defendant has been convicted. [Banda] has offered no cogent reason why the trial court should not have been able to consider the crime summaries of the conduct supporting his conviction . . . . Just as it was appropriate for the trial court to consider the facts and circumstances of the offense in determining the appropriate sentence at the original sentencing hearing [citation], it was appropriate to consider those same facts and circumstances of the offense in making" later Proposition 64 adjustments. (*People v. Tran, supra,*

**12**

242 Cal.App.4th at p. 891 [interpreting Pen. Code, § 17, subd. (b)].)

In sum, the trial court result was correct.  It followed the law, it honored the truth to which the parties had agreed, and it achieved justice.  I would affirm.


WILEY, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.