Filed 2/15/24  P. v. Blocker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080221 |
| v. | (Super.Ct.No. FVI1502161) |
| DAMIEN RAYSEAN LEWIS BLOCKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Reversed with directions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Damien Raysean Lewis Blocker appeals the trial court's denial of his petition for resentencing made pursuant to Penal Code former section 1170.95.[1] He contends the court erred by not stating its reasons for denying the petition. He also argues the court improperly denied his petition at the prima facie stage because the record of conviction did not establish as a matter of law that he was ineligible for resentencing, and it could not have denied his petition without improperly engaging in factfinding. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 23, 2015, the police responded to a shooting at a residence, where there were about 30 people present at a party. At the scene, the officers saw the victim on the floor, bleeding from two gunshot wounds. One of the officers asked the victim if the person who shot him was in a car at the time, and the victim nodded yes. The officer talked to several witnesses at the party. The police produced a photographic lineup that included a picture of defendant, and one officer testified that a witness identified defendant as the person she saw get into the vehicle from which the gunshots were fired.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We will cite to section 1172.6 for ease of reference.

[2] Facts taken from the preliminary hearing transcript are provided for background purposes only and to provide context for the parties' arguments. On June 2, 2023, the People filed a request for judicial notice, asking us to take judicial notice of the preliminary hearing transcript (PHT). We deemed the request to be a request to augment the record.

She could not confirm that defendant was the shooter, though. The same officer testified that he and a police detective interviewed defendant a few days later and read him his *Miranda*[3] rights. The detective then testified that defendant initially denied being at the residence when the shooting took place and said he was at another party that night. However, later in the interview, defendant changed his story and said he was at the party at the subject residence. Defendant said he was at the party for a while, saw some guys arguing, and left, and as he was leaving, he heard gunshots. The detective asked if defendant wanted to take a polygraph test, and defendant agreed to do so. The detective testified that, after the polygraph test, defendant changed his story again and said he shot at the victim two times from his car.

On September 25, 2015, defendant was charged by information with attempted murder (§§ 664/187, subd. (a); count 1) and shooting at an inhabited dwelling (§ 246, count 2). As to counts 1 and 2, the information also alleged that he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and that he inflicted great bodily injury (GBI) or death as a result of discharging a firearm from a motor vehicle (§ 12022.55), and he personally inflicted GBI, within the meaning of section 12022.7, subdivision (a). As to count 1, the information also alleged that defendant personally discharged a firearm causing GBI or death (§ 12022.53, subd. (d)), that he personally discharged a firearm within the meaning of section 12022.53,

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

subdivision (c), and that he personally used a firearm within the meaning of section 12022.53, subdivision (b).

On October 29, 2018, defendant pled no contest to attempted murder and admitted the gang enhancement allegation (§ 186.22, subd. (b)(1)(C)), the section 12022.53, subdivision (b) personal firearm use allegation, and the GBI enhancement allegation under section 12022.7, subdivision (a). In exchange, the court sentenced him to a total term of 20 years in state prison and dismissed the remaining count and allegations. The court asked: "Counsel stipulate to a factual basis based upon the Court's review of the Information and/or police reports and/or preliminary hearing transcript incorporated herein?" Both counsel agreed.

On July 28, 2022, defendant filed a petition for resentencing pursuant to section 1172.6. He checked three boxes in the petition. One box stated that an information was filed against him that allowed the prosecution to proceed under a "theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine." One box stated that he "accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder." The third box stated he could not presently be convicted of murder or attempted murder because of the changes made to sections 188 and 189.

The prosecutor filed a motion to strike defendant's petition and asked the court to take judicial notice of the records in defendant's case, particularly the preliminary

4

hearing transcript, probation report, plea form, and pronouncement of judgment. The prosecutor stated that the preliminary hearing was held on September 16, 2015; and a police detective testified that he interviewed defendant, and defendant told him that he shot the victim twice. Another officer testified that the victim had two gunshot wounds. The prosecutor cited portions from the preliminary hearing transcript and argued that, because defendant fired a gun at the victim, resulting in his being charged with attempted murder, defendant was the actual perpetrator and was therefore ineligible for relief.

On November 9, 2022, the trial court held a hearing on the petition. At the hearing, defense counsel argued that: the People relied solely on defendant's statement that he was the shooter, which was a *Mirandized* statement; and that defendant was a minor at the time, and the laws had since changed as to what was required for a *Mirandized* statement. Defense counsel asked to exclude the statement. The prosecutor argued there was other evidence presented at the preliminary hearing, not just defendant's statement, which established that defendant was the shooter. The prosecutor added that defendant pled to the personal use of a firearm, and vaguely referred to "other arguments . . . addressed in our responsive pleading." The court stated the only issue it had was about the law concerning juveniles but otherwise stated the petition should be denied. There was some discussion about the change in law, and the court then said: "You know what, I'm going to deny the petition. If the Appellate Court wants to bring it back they can feel free. But it's obvious to me this petition should be denied. Where it goes from here is up to them, but it doesn't change the facts of this case."

Defendant filed a notice of appeal on November 18, 2022.

DISCUSSION

I.  The Trial Court Erred by Failing To State Its Reasons for Denying the Petition

Defendant contends the trial court erred by not stating why it denied the petition. We agree.

Section 1172.6, subdivision (c), provides:  "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  *If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so.*"  (Italics added.)

It is undisputed that the court here failed to state its reasons for declining to issue an order to show cause.  The People simply contend that, as shown by the preliminary hearing transcript and defendant's admission that he personally inflicted GBI, defendant pled guilty to attempted murder as a direct perpetrator; thus, any error in the court failing to state its reasons for declining to issue an order to show cause was harmless.  However, for the reasons discussed *post*, we conclude the court erred in denying defendant's petition without issuing an order to show cause; and the error was, therefore, not harmless.  (See *post*, § II.)

II.  The Trial Court Erred in Denying Defendant's Petition Without Issuing an Order To Show Cause

Defendant argues the court erred in denying his petition at the prima facie stage because the record of conviction did not establish as a matter of law that he was ineligible

for resentencing, and it could not have denied his petition without improperly engaging in factfinding. The People contend that the record of conviction, specifically the preliminary hearing transcript and defendant's admission to the GBI enhancement, establish that he was the direct perpetrator and, therefore, ineligible for relief. We agree with defendant.

A. *Relevant Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill No. 1437 also created a procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. (Stats. 2018, ch. 1015; *Lewis*, at p. 957.)

Under section 1172.6, the relief process begins with the filing of a petition containing a declaration that all requirements for eligibility are met (§ 1172.6, subd. (b)(1)(A)), "including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

7

If the petition complies with the requirements of section 1172.6, subdivision (b)(1), "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) Where a petitioner has made the requisite prima facie showing that he is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

At the prima facie stage, the court may deny a petition only if the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) In other words, the petition and the record of conviction must "establish conclusively that the defendant is ineligible for relief." (*Strong*, *supra*, 13 Cal.5th at p. 708.) This is a pure question of law that we review de novo. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) In determining whether the defendant has made a prima facie showing of entitlement to relief, the trial court " 'should accept the assertions in the petition as true unless facts in the record conclusively refute them as a matter of law.' [Citation.] The court's authority to summarily deny a petition is thus limited to 'readily ascertainable facts' taken from the record of conviction . . . ." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*).) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Ibid.*)

8

B. *The Court Appears To Have Relied Upon the Preliminary Hearing Transcript, Which Was Improper*

According to the People, the court's denial was correct because the preliminary hearing transcript and defendant's admission to the GBI enhancement establish that he was the direct perpetrator and, therefore, ineligible for relief. We note that, because the court failed to expressly state its reasons for denying the petition, we are unable to tell if the court relied on the preliminary hearing transcript in denying the petition. However, it appears that the court may have done so, in light of the prosecutor's arguments based on the preliminary hearing transcript. To the extent the court relied on the preliminary hearing transcript in this case, such reliance was improper.

The People contend that reliance on the preliminary hearing transcript was permitted because defendant stipulated to the preliminary hearing transcript as a factual basis for the plea, and the transcript showed that defendant was the actual shooter. We initially observe that it is not clear defendant stipulated to the preliminary hearing transcript as a factual basis for the plea. The court asked: "Counsel stipulate to a factual basis based upon the Court's review of the Information *and/or* police reports *and/or* preliminary hearing transcript incorporated herein?" (Italics added.) Both counsel agreed. This exchange between the trial court and the parties lacks clarity and specificity, since the court referenced three separate sources (the information, the police reports, and the preliminary hearing transcript) in the conjunctive and in the alternative.

In any event, even where a defendant stipulated to the preliminary hearing transcript as the factual basis for a plea, reliance on the transcript has been held improper

9

at the prima facie stage of a resentencing proceeding. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 991-992 (*Flores*).)[4] Thus, if defendant's counsel did stipulate to the preliminary hearing transcript as a factual basis for the plea, "absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes.' " (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235 (*Rivera*).) Defendant did not admit the truth of the evidence adduced at the preliminary hearing. Instead, his attorney (possibly) only stipulated that the preliminary hearing transcript would provide the factual basis for the plea. This stipulation did not permit the trial court to rely on the preliminary hearing transcript as truthful and binding on defendant. (See *Flores*, at p. 991 [stipulation that preliminary hearing transcript provided factual basis for plea was not binding and thus did not conclusively establish defendant was ineligible for section 1172.6 relief]; *Rivera*, at p. 235 [stipulation to grand jury transcript as factual basis is not admission of truth of evidence in the transcript]; *People v. Thoma* (2007) 150 Cal.App.4th 1096, 1104 [A general stipulation to a factual basis for a plea does not amount to an admission of particular facts.].) Instead, a stipulation to the factual basis for a plea "is an admission only of the facts necessary to the charged offense itself." (*People v. Banda* (2018) 26 Cal.App.5th 349, 359.)

---

[4] We acknowledge that the Courts of Appeal are split on the issue, which is pending before the California Supreme Court. (Compare *People v. Patton* (2023) 89 Cal.App.5th 649, 657 (*Patton*), review granted, June 28, 2023, S279670 [preliminary hearing transcript conclusively demonstrated ineligibility for relief under section 1172.6], with *Flores*, *supra*, 76 Cal.App.5th at pp. 988-992 [concluding that preliminary hearing transcript does not establish ineligibility for resentencing].)

The People argue that *Patton*, *supra*, 89 Cal.App.5th 649 confirms defendant's ineligibility for relief, since the appellate court there held that the trial court could rely on uncontroverted evidence in a preliminary hearing transcript at the prima facie stage, and that no " 'factfinding, weighing of evidence, or credibility determinations' " was necessary because " 'the record of conviction irrefutably establishe[d] as a matter of law that' " the defendant was convicted as the actual perpetrator of the attempted murder. (*Id*. at pp. 656-657, 658.) We first note that the California Supreme Court has granted review in *Patton*, so we may consider it only for its persuasive value. (Cal. Rules of Court, rule 8.115(e)(1).)

In *Patton*, the defendant pled no contest to attempted murder and admitted he personally discharged a firearm (§ 12022.53, subd. (c); *Patton*, *supra*, 89 Cal.App.5th at p. 653.) Police officers testified at the preliminary hearing that "they had watched the surveillance video and they knew and recognized [the defendant] as the sole perpetrator, who approached [the victim] as he stood at the motel clerk's desk and fired several rounds at him." (*Id*. at p. 657.) The defendant did not controvert the officers' testimony and did not offer any evidence or argument, in the trial court or on appeal, suggesting that someone else shot the victim. (*Ibid*.) The Court of Appeal held that the defendant was ineligible for section 1172.6 relief as a matter of law because the "sworn testimony of police officers, based on surveillance video of the crime, that [the defendant] committed the shooting was and is uncontroverted." (*Patton*, at pp. 657, 658.) In so holding, the court rejected the defendant's argument that the trial court impermissibly engaged in " 'factfinding, weighing of evidence, or credibility determinations.' " (*Id.* in p. 658.)

11

*Patton* is distinguishable. In that case, the trial court denied the defendant's section 1172.6 petition based on the officers' consistent preliminary hearing testimony that surveillance footage showed that the defendant killed the victim. Here, however, the preliminary hearing testimony concerning defendant's involvement in the shooting came from the police detective who testified about defendant's *inconsistent statements*. According to the detective's testimony, defendant initially denied being at the residence when the shooting took place. He then changed his story and said he was at the party at the subject residence for a while but left and heard gunshots as he was leaving. Then, after defendant took a polygraph test, he changed his story again and said he shot at the victim two times from his car. Thus, to find that defendant was the actual shooter based on the preliminary hearing transcript, the court would have had to find that defendant's admission to the crime was true, while also finding that his prior denials were false. In other words, "[t]o find [defendant] ineligible for resentencing on this record would require judicial factfinding, which is impermissible at the prima facie stage." (*Flores*, *supra*, 76 Cal.App.5th at pp. 991-992; *Lewis*, *supra*, 11 Cal.5th at pp. 966, 971-972.)

C. *Defendant's Guilty Plea and GBI Enhancement Admission Do Not Establish That Defendant Was the Actual Shooter*

The People next argue that defendant was charged with, and pled guilty to, attempted murder as a direct perpetrator, especially in light of his admission that he personally inflicted GBI on the victim (§ 12022.7, subd. (a)). However, defendant pled no contest to attempted murder. The information charged him generically with attempted murder and did not specify or exclude any particular theory of attempted murder (e.g.,

12

attempted murder under the natural and probable consequences doctrine). (See *Flores*, *supra*, 76 Cal.App.5th at p. 987; see also, *Rivera*, *supra*, 62 Cal.App.5th at p. 233 [generically charging murder did not preclude prosecution based on any particular theory of murder] and *People v. Eynon* (2021) 68 Cal.App.5th 967, 977-978 [same].) In entering his plea, defendant did not admit to any particular theory of attempted murder or admit that he was the actual shooter. Neither the charge nor the plea excludes defendant from resentencing eligibility as a matter of law. (See *Flores*, at p. 987.) Likewise, without more, defendant's bare admission of the enhancement for infliction of GBI (§ 12022.7, subd. (a)) does not establish that he was the actual shooter. We observe that several courts, including our Supreme Court, have held that firearm personal use enhancements do not conclusively show that the defendant was the actual killer. (See, e.g., *People v. Jones* (2003) 30 Cal.4th 1084, 1119-1120 [A finding the defendant "personally used a firearm in the commission" of a felony and murder "would not in itself prove defendant was the actual killer."]; *Davenport*, *supra*, 71 Cal.App.5th at p. 485 [A no contest plea to second degree murder and section 12022.5, subd. (a), personal use enhancement did not preclude eligibility for section 1172.6 relief.]. Similarly, defendant's admission to the personal infliction of GBI under section 12022.7, subdivision (a), even with his no contest plea to attempted murder, did not preclude him from relief as a matter of law because, without resort to additional facts, it does not establish that he was the actual shooter.

We further note defendant admitted the enhancements alleging that he personally inflicted GBI (§ 12022.7, subd. (a)), and personally *used* a firearm (§ 12022.53,

subd. (b)), but *not* the charged enhancements that he inflicted GBI as a result of *discharging* a firearm from a motor vehicle (§ 12022.55), personally *discharged* a firearm causing GBI (§ 12022.53, subd. (d)), or personally *discharged* a firearm within the meaning of section 12022.53, subdivision (c).  Moreover, contrary to the People's claim, defendant's admission to the GBI enhancement did not preclude the possibility of prosecution under the natural and probable consequences doctrine.  Accordingly, we cannot conclude that his no contest plea to attempted murder and/or admission to the GBI enhancement barred relief under section 1172.6 as a matter of law.  (See *Davenport*, *supra*, 71 Cal.App.5th at p. 485.)

In sum, defendant adequately alleged a prima facie claim for relief, and the record does not rebut his allegations as a matter of law.  The court was required to issue an order to show cause (§ 1172.6, subd. (c)), and to hold a hearing at which the prosecution bears the burden of proving his ineligibility for resentencing beyond a reasonable doubt, unless such hearing is waived (§ 1172.6, subd. (d)).  In failing to do so, the court erred.  Accordingly, we must reverse and remand for further proceedings.  We express no opinion on the merits of the petition.

DISPOSITION

The order summarily denying defendant's petition is reversed. The matter is remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and to hold a hearing under section 1172.6, subdivision (d)(1).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:


MILLER

Acting P. J.


CODRINGTON

J.