Filed 9/29/23  P. v. Madrid CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079765 |
| v. | (Super.Ct.No. FWV1404280) |
| JOSEPH MADRID, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Reversed and remanded with directions.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Petitioner Joseph Madrid pleaded no contest to attempted murder; he stipulated that the police reports provided a factual basis for the plea.  (See Pen. Code, § 1192.5,

1

subd. (c).)[1]  Seven years later, he filed a petition to vacate the attempted murder conviction under section 1172.6.[2]  The trial court denied the petition, on the ground that the police reports showed that Madrid fired the shot that constituted the attempted murder; thus, he was a direct perpetrator, acting with actual malice, rather than an aider and abettor, acting with malice imputed to him under the natural and probable consequences doctrine.

In this appeal, Madrid contends that the trial court erred by considering facts stated in the police reports.  We agree.  The trial court could consider only the record of conviction.  It is well-established that police reports are not part of the record of conviction.  It is also well-established that a stipulation that a document or other source provides a factual basis for a plea is not an admission of any facts stated in that source, other than the bare elements of the crime.

The People do not argue otherwise.  They merely argue that the cases that Madrid cited in his opening brief fell short of establishing that it was error to consider the police reports.  We, however, are not limited to the case law cited by a party.

---

[1]      All further statutory citations are to the Penal Code.

[2]      The petition was actually filed under former section 1170.95.  (Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2.)  Effective June 30, 2022, former section 1170.95 was renumbered as section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will use section 1172.6, somewhat anachronistically, to refer to whichever one of the two statutes was in effect at the relevant time.

# I

## STATEMENT OF FACTS

According to the police reports, the victim went to a 7-11 store. Madrid and his brother Enrique Madrid were inside. Madrid asked the victim if he was a gang member; the victim denied it. Both Madrid and his brother grabbed their waistbands as if they had guns. The victim backed out of the store; Madrid and his brother followed. While the brother brandished a pocketknife, Madrid pulled out a gun, said "Playboys," and fired, hitting the victim in the stomach.

# II

## STATEMENT OF THE CASE

In 2014, in a felony complaint, Madrid and his brother were charged jointly with attempted murder (§§ 187, subd. (a), 664, subd. (a)), with an enhancement for being a principal in a gang crime in which a firearm was used (§ 12022.53, subds. (b), (e)(1)), and with a gang enhancement (§ 186.22, subd. (b)). As to Madrid, one strike prior was also alleged. (§§ 667, subds. (b)-(i), 1170.12.)

In 2015, pursuant to a plea bargain, Madrid pleaded no contest to attempted murder (§§ 187, subd. (a), 664, subd. (a)) and admitted an enhancement for personal use of a firearm (§ 12022.53, subd. (b)).[3] He also pleaded no contest to a new charge of

---

[3] Section 12022.53, subdivision (b) (subdivision (b)), applies to a person who personally uses a firearm. Section 12022.53, subdivision (e)(1) (subdivision (e)(1)), then provides that subdivision (b) also applies to a person who is a principal in an offense, if a gang enhancement applies to that person, and if any principal in the offense personally used a firearm.

*[footnote continued on next page]*

assault with force likely to cause great bodily injury.  (§ 245, subd. (a)(4).)  Pursuant to the plea bargain, he was sentenced to 20 years in prison.  The parties stipulated that "the police reports would establish a factual basis" for the plea.

At the same time, also pursuant to a plea bargain, Madrid's brother pleaded guilty to assault with a deadly weapon, "to wit, a knife."  (§ 245, subd. (a)(1).)

In 2022, Madrid filed a petition for resentencing under section 1172.6.  The trial court appointed counsel.  Madrid's counsel objected to the police reports as hearsay.

In opposition to the petition, the People asked the trial court to take judicial notice of the entire court file and, in particular, the two defendants' pleas.  They argued that Madrid's plea to attempted murder with a personal firearm use enhancement, combined with his brother's guilty plea to assault with a knife, established that Madrid was not convicted on a natural and probable consequences theory.

At the prima facie hearing, the trial court indicated that it had "looked at the court file," including the felony complaint, Madrid's plea form, and the police reports, as well as the reporter's transcript of the plea and sentencing.

Madrid's counsel objected to Madrid's brother's plea form as hearsay.  The trial court responded that, "in an abundance of caution," it would not consider it, but it would

<hr>

As mentioned, the complaint alleged only "that a principal personally used a firearm," citing subdivisions (b) and (e)(1).  The plea form, however, indicated that Madrid was admitting an enhancement under subdivision (b).  Orally, he admitted "that in the commission of th[e] offense [he] personally used a firearm."

The minute order of the plea hearing recites that Madrid admitted an enhancement under subdivisions (b) and (e)(1).  Given the plea form and Madrid's actual oral admission, this is clearly a mistake.  He admitted only an enhancement under subdivision (b).

consider Madrid's own "probation report, only as it relates to the co-defendant's disposition."

The trial court denied the petition, ruling that it failed to state a prima facie case. It explained that Madrid had admitted a personal firearm use enhancement. It added, "In light of the police reports and co-defendant's plea to assault with a knife, there is no evidence that even suggests the co-defendant ever possessed or fired a gun."

III

DISCUSSION

Madrid contends that he made a prima facie showing that he was eligible for relief. Under this heading, he contends that his admission that he personally used a firearm does not conclusively establish that he had the intent to kill; and that his stipulation that the police reports provided a factual basis for the plea was not an admission that the facts stated in the police reports were true.

A.    *General Legal Background*.

Ordinarily, "[a]ttempted murder requires express malice, i.e., intent to kill." (*People v. Stone* (2009) 46 Cal.4th 131, 139.)

When Madrid was tried, however, an aider and abettor could be found guilty of attempted murder, even absent the intent to kill, under the natural and probable consequences doctrine.

Under this doctrine, "'[a]n aider and abettor [wa]s guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually

5

commits (the nontarget crime) that is a natural and probable consequence of the target crime. [Citations.] "Thus, for example, if a person aid[ed] and abet[ted] only an intended assault, but a murder result[ed], that person [could] be guilty of that murder, even if unintended, if it [wa]s a natural and probable consequence of the intended assault." [Citation.]' [Citation.]" (*People v. Carr* (2023) 90 Cal.App.5th 136, 141-142; see *People v. Medina* (2009) 46 Cal.4th 913, 919-928 [defendants who aided and abetted simple assault were guilty of resulting murder and attempted murder by accomplice].)

Effective in 2019, the Legislature abrogated the natural and probable consequences doctrine as applied to murder and attempted murder. Specifically, it added section 188, subdivision (a)(3), which, as relevant here, provides: "Malice shall not be imputed to a person based solely on his or her participation in a crime."

"Because section 188, subdivision (a)(3), prohibits imputing malice based solely on participation in a crime, the natural and probable consequences doctrine cannot prove an accomplice committed attempted murder." (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 196; see *People v. Whitson* (2022) 79 Cal.App.5th 22, 33 [natural and probable consequences theory is no longer a valid theory of attempted murder].)

At the same time, the Legislature also added section 1172.6. (Former § 1170.95, subd. (a), Stats. 2018, ch. 1015, § 4.) Section 1172.6, as subsequently amended, provides, among other things, that: "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition . . . to have the

6

petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a).)

A petitioner like Madrid, who has pleaded guilty to attempted murder, must allege, under penalty of perjury, that:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner . . . accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder.

"(3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 . . . made effective January 1, 2019." (§ 1172.6, subds. (a), (b)(1)(A).)

"Where the petition complies with [these] three requirements, then the court proceeds to [section 1172.6] subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 960.) At the prima facie hearing, the trial court can consider the record of conviction. (*Id*. at pp. 970-971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.)

"[T]he prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and

7

makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."' [Citation.]" (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

Here, Madrid's petition included all the required elements. Accordingly, he made a prima facie case, and the trial court should have issued an order to show cause, unless the record of conviction established that he was *not* convicted as an aider and abettor under the natural and probable consequences doctrine. In other words, it had to show that he acted either (1) as perpetrator—who by definition, must have the intent to kill—or (2) as an aider and abettor *and* with the intent to kill.

B.      *Madrid's Admission of the Personal Firearm Use Enhancement*.

Madrid's admission of the personal firearm use enhancement, standing alone, did not establish that he was convicted as a perpetrator. Absent the police reports, there was no showing that the victim was even shot. Moreover, "'use' of a firearm may involve displaying the gun, brandishing the gun, or actually firing the gun." (*People v. Arzate* (2003) 114 Cal.App.4th 390, 400.) Again, absent the police reports, it is possible that

8

Madrid merely displayed or brandished a gun to facilitate some lesser crime, and it was his brother who shot the victim.

The fact that Madrid's brother had pleaded guilty to assault with a knife also was not sufficient to establish that Madrid was the perpetrator.[4] It was still necessary to look to the police reports to learn that the victim was shot, rather than stabbed.

The People do not argue otherwise. Rather, they argue that the trial court could properly consider the police reports. We turn to that question.

C.      *Consideration of the Police Reports*.

Ordinarily, police reports are not part of the record of conviction. (*Moles v. Gourley* (2003) 112 Cal.App.4th 1049, 1060; *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521.) Here, however, Madrid stipulated that the police reports provided a factual basis for his plea. Does this make a difference?

When a trial court approves a plea of guilty or no contest, it must "cause an inquiry to be made of the defendant to satisfy itself . . . that there is a factual basis for the plea." (§ 1192.5, subd. (c).) ""The purpose of the requirement . . . is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged."' [Citation.]" (*People v. Palmer* (2013) 58 Cal.4th 110, 112.)

---

**4**      The trial court erred by considering the probation report. "A probation report 'ordinarily is not part of the record of conviction.' [Citation.]" (*People v. Soto* (2018) 23 Cal.App.5th 813, 816, fn. 2.) However, Madrid has forfeited the error by not raising it in his opening brief. He also does not argue that the trial court erred by considering his brother's plea form.

A stipulation that a police report provides the factual basis for a plea is not an admission that every fact stated in the police report is true. Indeed, police reports may be internally contradictory—for example, when they recount the conflicting statements of multiple witnesses. "The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges. [Citation.]" (*People v. Holmes* (2004) 32 Cal.4th 432, 441, fn. omitted.) Therefore, the stipulation does not admit any facts that are irrelevant to the plea. (*People v. Reed* (1996) 13 Cal.4th 217, 224; *People v. Banda* (2018) 26 Cal.App.5th 349, 359-361; *People v. Thoma* (2007) 150 Cal.App.4th 1096, 1104.)

We have found no section 1172.6 cases discussing the effect of a factual basis stipulation involving police reports. However, there are cases discussing the effect of a factual basis stipulation involving analogous sources of information.

In *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*), review granted June 9, 2021, review dismissed January 19, 2022, S268405, the grand jury transcript indicated that one Coneal fatally shot the victim, and that Rivera drove Coneal to and from the scene of the shooting. (*Id*. at p. 224.) Rivera pleaded no contest to second degree murder and stipulated that the grand jury transcript provided a factual basis for the plea. (*Id*. at pp. 225-226.) When Rivera filed a section 1172.6 petition, the trial court denied it for lack of a prima facie case. (*Rivera*, at pp. 226-227.)

The appellate court reversed, holding that Rivera did make out a prima facie case. (*Rivera*, *supra*, 62 Cal.App.5th at pp. 230-239.) As part of its discussion, it also held that

the grand jury transcript could not be used to show that Rivera acted with malice: "'The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges. [Citation.] It is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime [citation], nor does the trial court have to be convinced of [the] defendant's guilt.' [Citation.] In addition, '[a] defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document.' [Citation.] Thus, absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes.' [Citations.] For our purposes, this means that Rivera did not admit to the truth of any of the evidence presented to the grand jury, and that evidence therefore cannot be used to demonstrate that he admitted to acting with actual malice." (*Id*. at p. 235; accord, *People v. Hiller* (2023) 91 Cal.App.5th 335, 349-350 [probable cause statements]; *People v. Flores* (2022) 76 Cal.App.5th 974, 991 [preliminary hearing transcript]; see *People v. French* (2008) 43 Cal.4th 36, 50-52 [defendant's stipulation that prosecutor's statements provided factual basis for plea was not an admission for sentencing purposes that he abused a position of trust].)

Under *Rivera*, the trial court here erred by considering the police reports. As already discussed, but for this error, Madrid cleared the "'low'" "'prima facie bar.'" (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) Thus, the error was prejudicial.

## IV

## DISPOSITION

The order appealed from is reversed.  On remand, the trial court must issue an order to show cause.  (§ 1172.6, subd. (c).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                                    P. J.

We concur:

FIELDS
                    J.

RAPHAEL
                    J.

12