[No. B170355. Second Dist., Div. Six. May 15, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM LOUIS THOMA, Defendant and Appellant.

COUNSEL

Susan Pochter Stone, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Pamela C. Hamanaka, Assistant Attorney General, Kristofer Jorstad, Stephanie C. Brenan, Steven D. Matthews and Paul M. Roadarmel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

YEGAN, J.—William Louis Thoma appeals from the judgment entered following his guilty plea to possession of methamphetamine. (Health & Saf.

Code, § 11377, subd. (a).) He was sentenced to prison as a "two-striker" and contends that his 1995 prior conviction of driving under the influence causing "bodily injury" in violation of Vehicle Code section 23153, subdivision (a), does not constitute a strike within the meaning of California's "Three Strikes" law. (Pen. Code, §§ 667, subds. (b)–(i), 1170.12.)[1] The issue is whether the record of the 1995 conviction, which was based on a guilty plea, shows that appellant inflicted "great bodily injury" on the victim. (See § 1192.7, subd. (c)(8).) The trial court found that great bodily injury had been inflicted and that the conviction is a strike. Appellant contends that the trial court relied upon inadmissible hearsay evidence. Without this hearsay evidence, appellant argues, the evidence is insufficient to support the determination that the prior conviction is a strike.

Originally, a majority of this court (Justices Yegan and Coffee) concluded that, after the acceptance of appellant's guilty plea, he had made an adoptive admission that supported the trial court's determination that the 1995 prior conviction qualifies as a strike. Presiding Justice Gilbert dissented. Our Supreme Court granted review and transferred the matter back to us "with directions to vacate [our] decision and to reconsider the cause in light of *People v. Trujillo* (2006) 40 Cal.4th 165 [51 Cal.Rptr.3d 718, 146 P.3d 1259]."

Upon reconsideration in light of *Trujillo*, we now conclude that the evidence is insufficient to support the trial court's finding that the 1995 prior conviction qualifies as a strike. Accordingly, we reverse that finding, vacate the sentence, and remand the matter for resentencing or (at the prosecutor's election) retrial of the strike allegation. In all other respects, we affirm the judgment.

### *Infliction of Great Bodily Injury Required for Prior Conviction to Qualify as a Strike*

Vehicle Code section 23153, subdivision (a), provides: "It is unlawful for any person, while under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." " 'Bodily injury means just what it says—harm or hurt to the body. Common sense requires more for conviction than a "shaking up" of a person in a car which is in an accident, or fright, or a minor headache; it means very obviously a hurt to the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

body.' " (*People v. Dakin* (1988) 200 Cal.App.3d 1026, 1035 [248 Cal.Rptr. 206].) "Bodily injury" does not mean substantial or great bodily injury. (*Id.*, at p. 1036.)

▆ A felony conviction for violating Vehicle Code section 23153, subdivision (a), constitutes a strike only if the defendant "personally inflicts great bodily injury on any person, other than an accomplice . . . ." (§ 1192.7, subd. (c)(8); see also §§ 667, subd. (d)(1), 1170.12 subd. (b)(1).) Thus, respondent was required to show that appellant had inflicted great bodily injury.

### Trial on the Prior Conviction

At the trial on the 1995 prior conviction, the trial court received in evidence the information, the preconviction probation report, and transcripts of the preliminary hearing, guilty plea, and sentencing.

At the 1995 preliminary hearing a witness testified that appellant was riding a motorcycle and struck a pedestrian in a crosswalk. The pedestrian was "thrown out of the crosswalk." The only evidence of the pedestrian's injuries was a statement made by a nurse to a police officer. The officer testified that the nurse had "said that the victim was in surgery . . . for two fractured arms, two fractured legs and fractured clavical [sic] and blunt trauma to the head."

The 1995 plea and sentencing hearings were combined in a single proceeding. After appellant had entered his guilty plea and been sentenced to state prison, the following colloquy concerning restitution occurred between the court and counsel: "[The court:] [D]efendant is to pay restitution to the victim in this case. That restitution is currently unknown. She has massive injuries, 15 different breaks in the arm, two plates in her ulna, broken clavicle and which has been screwed back together again, multiple fractures of her face, upper jaw, suffered a concussion.[2] [¶] Any idea what the restitution is? [¶] [Deputy District Attorney]: No, your honor. [¶] [Appellant's counsel]: Mr. Thoma says he got a bill, but he's not going to be working for a while. [¶] The court: I know. For quite some time. I will order that he pay restitution to the victim . . . ."

---

[2] In describing the victim's injuries, the trial court relied on the preconviction probation report. The report states: "The victim was interviewed telephonically and stated that she has suffered memory loss from the accident. She further states that she suffered a compound fracture to her right leg and had rods placed in her leg, fracture to her right clavicle, fracture to her right ulna in which there are 15 different breaks and two plates in her ulna, right arm fracture in which she has one plate, left broken clavicle in which she has a screw in the clavicle, multiple fractures in her face, upper jaw and she suffered a concussion."

At the court trial on the prior, respondent advanced two theories in support of its position that the record of the prior conviction shows that appellant inflicted great bodily injury on the victim. The first theory was that, by not disputing the description of the victim's injuries during sentencing on the prior conviction, appellant had made an adoptive admission of the truth of that description. The other theory was that the nurse's hearsay statement in the preliminary hearing transcript is admissible. The trial court did not state whether it was relying on only one or both of the theories.

### Admissibility of Evidence to Prove Prior Conviction Allegation

In determining the truth of a prior conviction allegation, the trier of fact may look to the entire record of the conviction, but no further. (*People v. Guerrero* (1988) 44 Cal.3d 343, 355–356 [243 Cal.Rptr. 688, 748 P.2d 1150].) The prosecution is "precluded from presenting any evidence *outside the record of conviction* to prove the circumstances of the prior crime." (*People v. Reed* (1996) 13 Cal.4th 217, 225 [52 Cal.Rptr.2d 106, 914 P.2d 184].) The record of the prior conviction includes transcripts of the preliminary hearing, the defendant's guilty plea, and the sentencing hearing. (*Id.*, at p. 223; *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350 [285 Cal.Rptr. 213]; *People v. Smith* (1988) 206 Cal.App.3d 340, 345 [253 Cal.Rptr. 522].)

"The normal rules of hearsay generally apply to evidence admitted as part of the record of conviction to show the conduct underlying the conviction. [Citation.]" (*People v. Woodell* (1998) 17 Cal.4th 448, 458 [71 Cal.Rptr.2d 241, 950 P.2d 85].) Thus, a statement in the record of conviction that is offered to prove the truth of the matter stated must fall within an exception to the hearsay rule. (*People v. Reed, supra,* 13 Cal.4th at pp. 230–231.)

### Adoptive Admission

Evidence Code section 1221 incorporates the adoptive admission exception to the hearsay rule. It provides: "Evidence of a statement offered against a party is not made inadmissible by the hearsay rule if the statement is one of which the party, with knowledge of the content thereof, has by words or other conduct manifested his adoption or his belief in its truth." This evidentiary rule applies to criminal cases. (See, e.g., *People v. Riel* (2000) 22 Cal.4th 1153, 1189 [96 Cal.Rptr.2d 1, 998 P.2d 969]; cf. 1 Witkin, Cal. Evidence (4th ed. 2000) Adoptive Admissions in Civil Cases, § 102, pp. 805–806.) The trial court impliedly ruled that appellant's silence in response to the 1995 sentencing court's description of the victim's injuries was admissible as an adoptive admission of the truth of that description.

■ In *People v. Trujillo, supra*, 40 Cal.4th 165, 179, our Supreme Court held as follows: "[A] defendant's statements, made after a defendant's plea of guilty has been accepted, that appear in a probation officer's report prepared after the guilty plea has been accepted are not part of the record of the prior conviction, because such statements do not 'reflect[] the facts of the offense for which the defendant was convicted.' [Citation.]" Therefore, in determining whether a prior conviction qualifies as a strike, the *Trujillo* court concluded that a trial court may not rely upon the defendant's admission in a postconviction probation report. Because such an admission follows the acceptance of the defendant's guilty plea, it "does not reflect the facts upon which he was convicted." (*Id.*, at p. 180.)

The *Trujillo* court applied this reasoning to uphold the trial court's refusal to consider the defendant's statement in a postconviction probation report that he had stabbed the victim with a knife. Based on this statement, the prosecutor had argued that a prior conviction for inflicting corporal injury (§ 273.5, subd. (a)) was a strike pursuant to section 1192.7, subdivision (c)(23). This subdivision defines "serious felony" as including "any felony in which the defendant personally used a dangerous or deadly weapon." (§ 1192.7, subd. (c)(23).)

The *Trujillo* court contrasted a postconviction probation report with a preliminary hearing transcript. It noted that, unlike such a report, a preliminary hearing transcript reflects the facts upon which the defendant was convicted because it contains evidence presented before the acceptance of his guilty plea: "The transcript of a preliminary hearing contains evidence that was admitted against the defendant and was available to the prosecution prior to the conviction. The transcript of a preliminary hearing, therefore, sheds light on the basis for the conviction." (*People v. Trujillo, supra*, 40 Cal.4th at p. 180.)

■ Although *Trujillo* concerned admissions in a postconviction probation report, the fair implication of *Trujillo* is that only admissions made prior to the acceptance of a defendant's guilty plea may be relied upon in determining whether a prior conviction qualifies as a strike. Admissions made after acceptance of the plea do "not reflect the facts upon which [the defendant] was convicted." (*People v. Trujillo, supra*, 40 Cal.4th at p. 180.) Here the alleged adoptive admission was made after the acceptance of appellant's guilty plea. Thus, the trial court was precluded from relying on the alleged adoptive admission in determining whether the 1995 prior conviction qualified as a strike.

Respondent contends that *Trujillo* is distinguishable because "here the victim's description of her injuries was contained in a *preconviction* probation officer's report. Moreover, prior to the sentencing, appellant's trial

counsel affirmed that he had read the preconviction probation officer's report. . . . Because sentencing immediately followed the guilty plea, his trial counsel necessarily read the report prior to the entry of the guilty plea." But when appellant pleaded guilty, he was not asked to admit any of the facts stated in the probation report. We cannot infer such an admission from his counsel's knowledge of the contents of the report. Appellant's alleged adoptive admission was not made until after the trial court had accepted his guilty plea and sentenced him to state prison.

### The Nurse's Hearsay Statement Was Inadmissible

At the preliminary hearing on the 1995 prior conviction, the only evidence of the victim's injuries consisted of testimony by a police officer. The officer testified that a nurse had "said that the victim was in surgery . . . for two fractured arms, two fractured legs and fractured clavical [sic] and blunt trauma to the head."

This testimony involves multiple hearsay. "As with all multiple hearsay, the question is whether each hearsay statement fell within an exception to the hearsay rule. [Citation.]" (*People v. Reed, supra*, 13 Cal.4th at pp. 224–225.) The officer's statement fell within the former testimony exception of Evidence Code section 1291, subdivision (a). (13 Cal.4th at p. 225.) But the nurse's statement did not fall within any exception to the hearsay rule. The officer's testimony, therefore, was inadmissible and could not be relied upon by the trial court.

Respondent contends that appellant "failed to preserve a hearsay claim" because he did not object on hearsay grounds at the preliminary hearing and did not object to the admission of the preliminary hearing transcript at the trial on the 1995 prior conviction. But at the trial on the prior conviction, appellant made a "double hearsay" objection to the officer's testimony concerning the nurse's statement. This objection was sufficient to preserve the hearsay claim on appeal.

Furthermore, an objection on hearsay grounds at the 1995 preliminary hearing would have been futile. Section 872, subdivision (b), provides that "the finding of probable cause may be based in whole or in part upon the sworn testimony of a [qualified] law enforcement officer . . . relating the statements of declarants made out of court offered for the truth of the matter asserted." A law enforcement officer is qualified to give hearsay testimony if the officer has "five years of law enforcement experience." (*Ibid.*) Here the officer who recounted the nurse's statement testified that she had been a

police officer for six and one-half years. The officer, therefore, was qualified to give hearsay testimony. "The duty to object will be excused when an 'objection . . . would have been futile . . . .' [Citation.]" (*People v. Carrillo* (2004) 119 Cal.App.4th 94, 101 [13 Cal.Rptr.3d 878].)

Respondent also contends that, because in 1995 appellant stipulated "that the preliminary hearing transcript contained a factual basis for the guilty plea, appellant necessarily admitted the truth of the facts of the victim's injuries." We disagree. "No evidence suggests that in his plea [appellant] was asked to, or did, admit any particular facts stated in the preliminary hearing [transcript] . . . , other than those facts necessary to the . . . charge itself. . . . '[Appellant] pled guilty to an information, not to a preliminary hearing transcript.' The present case, therefore, is not comparable to one in which a *charging instrument* is introduced to show the allegations that the defendant, by plea, subsequently admitted. [Citations.]" (*People v. Reed, supra*, 13 Cal.4th at p. 224, fn. omitted.)

*People v. Sohal* (1997) 53 Cal.App.4th 911 [62 Cal.Rptr.2d 110], is distinguishable. In *Sohal* the prosecutor specified particular facts that he "could produce . . . at trial" as the factual basis for the defendant's plea. (*Id.*, at p. 914.) The defendant's counsel agreed that the prosecutor could produce evidence establishing these facts. The appellate court held that, when the defendant pleaded guilty, he "made an adoptive admission of the truth of the facts" specified by the prosecutor. (*Id.*, at p. 916.) Unlike *Sohal*, here neither the prosecutor nor defense counsel specified particular facts as the factual basis of appellant's plea. Instead, there was a general stipulation "to a factual basis based upon the police reports and preliminary hearing transcript."

*Conclusion*

The evidence is insufficient to support the trial court's finding that, in the commission of the felony offense underlying the 1995 prior conviction, appellant personally inflicted great bodily injury upon the victim. The trial court, therefore, erroneously concluded that the prior conviction qualifies as a strike. Notwithstanding the insufficiency of the evidence, a retrial of the strike allegation is not barred. (*People v. Barragan* (2004) 32 Cal.4th 236 [9 Cal.Rptr.3d 76, 83 P.3d 480].)[3]

---

[3] In respondent's answer brief on the merits filed in the California Supreme Court, respondent requested that, in the event of a reversal for insufficient evidence, "this matter should be remanded to permit the reconsideration of any additional evidence relating to the 1995 conviction."

*Disposition*

The finding that appellant's 1995 prior conviction constitutes a strike is reversed, and the sentence is vacated. The matter is remanded to the trial court for resentencing or (at the prosecutor's election) retrial of the strike allegation. In all other respects, the judgment is affirmed.

Gilbert, P. J., and Coffee, J., concurred.

A petition for a rehearing was denied June 6, 2007.