Filed 6/6/13  P. v. Anderson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BILLY DEWAYNE ANDERSON<br><br>    Defendant and Appellant. | 2d Crim. No. B238025<br>(Super. Ct. No. F423963)<br>(San Luis Obispo County) |

Billy Dewayne Anderson appeals a judgment entered following retrial of his prior foreign state convictions and resentencing.  We reverse and remand for further proceedings regarding the foreign state convictions, but otherwise affirm.

*FACTS AND PROCEDURAL HISTORY*

On February 4, 2009, a jury convicted Anderson of assault with intent to commit rape during the commission of a burglary, residential burglary, residential robbery (two counts), and assault likely to cause great bodily injury.  (Pen. Code, §§ 220, subd. (b), 459, 211, 245, subd. (a).)[1]  In a separate proceeding, the trial court found that Anderson suffered four Washington state convictions that were also serious felony and strike convictions within the meaning of sections 667, subdivision (a), 667, subdivisions (b)-(i), and 1170.12, subdivisions (a)-(d).  The court sentenced Anderson to 137 years to life in prison.  He appealed.

---

[1] All statutory references are to the Penal Code.

In an unpublished opinion, we concluded that the record did not support the trial court's conclusion that the Washington convictions (one grand theft conviction and three burglary convictions) were serious felonies or strike convictions pursuant to California law. (*People v. Anderson* (Dec. 20, 2010, B217514).) In particular, we decided that the record did not provide sufficient evidence that Anderson intended to permanently deprive the owners of their property, as required by California but not Washington law. We remanded the matter for retrial regarding the prior convictions and resentencing.

At the retrial, the prosecutor submitted additional evidence regarding the four Washington convictions. Following argument by the parties, the trial court found each of the four convictions to be a serious felony and strike conviction pursuant to California law. The court relied upon Washington court orders of restitution as well as Anderson's statement that the purpose of one burglary was to purchase drugs, to support the reasonable inference that Anderson intended to permanently deprive his burglary victims of their property. The court also noted that the record did not establish that Anderson had any type of relationship with his victims that would support the inference that "[he] was only borrowing" the property. The court then resentenced Anderson to the same sentence of 137 years to life in prison.

Anderson appeals and contends that the admissible evidence on retrial does not establish that his four Washington convictions constitute serious felonies or strikes pursuant to California law.

### DISCUSSION

Anderson argues that the evidence does not establish that he intended to permanently deprive his Washington theft and burglary victims of their property. He asserts that the evidence upon which the trial court relied is outside his record of conviction.

A prior conviction from another jurisdiction qualifies as a serious felony or a strike if the conviction was "for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony

2

shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 667, former subd. (d)(2); see also § 667, subd. (a)(1) [five-year enhancement for prior conviction of any offense "committed in another jurisdiction which includes all of the elements of any serious felony"].) Our Supreme Court has summarized the effect of these statutes as follows: "'In order for a prior conviction from another jurisdiction to qualify as a strike under the Three Strikes law, it must involve the same conduct as would qualify as a strike in California.'" (*People v. Woodell* (1998) 17 Cal.4th 448, 453.) In determining whether a felony conviction from another jurisdiction qualifies as a strike, we may "'. . . look to the entire record of the conviction' but . . ., 'no further.' [Citation.]" (*Id.* at p. 452.) The relevant inquiry in deciding whether a prior conviction qualifies as a serious felony for sentencing purposes is limited to an examination of the record of the prior criminal proceeding to determine the nature of the crime of which defendant was convicted. (*People v. Trujillo* (2006) 40 Cal.4th 165, 179.)

The theft statutes of Washington and California have different intent elements. (*People v. Riel* (2000) 22 Cal.4th 1153, 1205-1206.) California's theft statute requires an intent to take property for such an extended time as to deprive the owner of a major portion of its value or enjoyment, or its "main value," which satisfies the common law requirement of an intent to permanently deprive the victim of his property. (*People v. Avery* (2002) 27 Cal.4th 49, 55, 57.) In contrast, the Washington theft statue does not include the common law requirement of an "intent to 'permanently deprive' the owner of property." (*State v. Komok* (1989) 113 Wash.2d 810, 817.)

*Grays Harbor County Burglary*

At the first trial, the prosecutor presented evidence of an information alleging that Anderson "'broke into the residence [located at 401 West Third, Aberdeen] and stole items of personal property.'" (*People v. Anderson*, *supra*, B217514.) The prosecutor also presented a five-page judgment and sentence form reflecting that Anderson pleaded guilty and that he was ordered to pay $100 restitution to Jack Foster.

3

At retrial, the prosecutor presented additional documents, including the Washington prosecutor's affidavit in support of an arrest warrant and the prosecutor's written brief regarding sentencing. In each document, the prosecutor stated that Anderson confessed to police officers, admitting that he burglarized and took property from the Foster residence to obtain money to buy drugs.

Neither document constitutes a valid portion of the record of conviction. Anderson pleaded guilty "to the crime of Residential Burglary as charged in the Information," not to any crime described in the prosecutor's affidavit for an arrest warrant. The prosecutor's written argument regarding sentence, filed in anticipation of a sentencing hearing to be held a week after Anderson's plea, also relies upon hearsay evidence and does not reflect the facts upon which Anderson was convicted. (*People v. Thoma* (2007) 150 Cal.App.4th 1096, 1103 ["But when appellant pleaded guilty, he was not asked to admit any of the facts stated in the [police report or arrest warrant affidavit]".) The police report containing Anderson's statements to arresting police officers also does not form part of the record of conviction. (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521 ["In the criminal context, no case holds that police reports are part of 'the record of conviction' for purposes of proving prior serious felony convictions under Penal Code section 667, subdivision (a)"].)

*Benton County Burglaries*

At the first trial, the prosecutor presented evidence of a two-count information, a four-page document entitled "Judgment and Sentence Prison," and a "Statement of Defendant on Plea of Guilty." (*People v. Anderson*, *supra*, B217514.) The information alleged that Anderson "'did enter or remain unlawfully in a residence'" and that the Diven and Ward residences were entered unlawfully. Anderson pleaded guilty and admitted that he "'entered someone's residence and was involved in taking something from the residence.'" (*Ibid.*)

At retrial, the prosecutor presented the Washington prosecutor's affidavit in support of an arrest warrant and many additional documents concerning Anderson's failure to make restitution. The arrest warrant affidavit refers to police reports stating

4

that Anderson admitted breaking into and stealing credit cards and a firearm from Diven's residence, and marijuana from Ward's residence.

As discussed *ante*, statements in the affidavit for an arrest warrant and statements in police reports are outside the record of conviction. (*Draeger v. Reed*, *supra*, 69 Cal.App.4th 1511, 1523.) Anderson pleaded guilty to unlawfully entering a residence with intent to commit a crime as alleged in the information, not to allegations in a police report or arrest warrant application.

Although the "Judgment and Sentence Prison" states that Anderson must pay $250 restitution to Diven, it does not explain whether the amount is for loss, damage, or injury to the property.

*Theft of Firearm Benton County*

At the first trial, the prosecutor presented evidence of the information, a "Statement of Defendant on Plea of Guilty," and a five-page "Judgment and Sentence" document. (*People v. Anderson*, *supra*, B217514.) In the "Statement of Defendant on Plea of Guilty," Anderson admitted that he "stole a firearm" on "or about 9-22-95." (*Ibid.*) The "Judgment and Sentence" reflects that Anderson pleaded guilty on January 10, 1996. It also contains a finding of fact naming victims who are "entitled to restitution" in amounts of $49,078.00 and $1,708.00 respectively. (*Ibid.*)

On retrial, the prosecutor presented evidence of the sentencing transcript of January 10, 1996. Following Anderson's waiver of rights and entry of guilty plea, the Washington prosecutor stated that the victims' residence "was absolutely cleaned out, including the firearms that were in the house." Anderson's attorney commented prior to sentencing that he would "like the chance just to review" restitution with his client. He also requested a restitution hearing.

In *People v. Anderson*, *supra*, B217514, we decided that the record did not indicate whether the restitution amounts ordered by the Washington court "bore any relationship to the value of the stolen firearm, or whether all of the named victims owned the firearm." In any event, the prosecutor's statements made following the entry of Anderson's guilty plea are outside the record of conviction. (*People v. Thoma*, *supra*,

5

150 Cal.App.4th 1096, 1102 [admissions made after acceptance of the plea do not reflect the facts upon which defendant was convicted].)

The trial court erred by finding that Anderson's prior convictions qualified as serious felonies or strikes pursuant to California law.  Accordingly, we reverse and remand for retrial regarding the prior convictions.  The enhanced sentence imposed pursuant to sections 667, subdivision (e)(2)(A), 1170.12, subdivision (c)(2)(A), and 667, subdivision (a) is vacated.   The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.