Filed 1/2/24  P. v. Thomas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080674 |
| v. | (Super. Ct. No. FSB056656) |
| KEITH W. THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Lynne G. McGinnis, and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant and appellant Keith Thomas appeals the trial court's order denying his petition for resentencing under Penal Code section 1172.6[1] at the prima facie stage. We reverse.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, defendant was charged with one count of murder. (§ 187, subd. (a).) The complaint alleged that defendant had personally used a firearm, discharged a firearm, and discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (b)-(d)). An amendment to the complaint alleged that defendant committed the offense to benefit a criminal street gang. (§ 186.22, subd. (b)(1)(C).)

The trial court held a preliminary hearing on the complaint in July 2007. The only witness to testify at the hearing was San Bernardino Police Department officer William Flesher. Officer Flesher testified that the victim's brother witnessed defendant shoot and kill the victim. The witness identified a picture of defendant as the shooter and explained what had happened in detail.[2] Officer Flesher then testified that another witness said he was at the scene with the victim and his brother and saw defendant shoot the victim. That

---

[1] All further statutory references are to the Penal Code.

[2] The specifics of Officer Flesher's testimony are not relevant to resolve defendant's appeal, so we do not recount them.

witness also identified the defendant in a photograph for Officer Flesher. Officer Flesher also testified that he spoke with two males who witnessed the shooting, but could not identify the shooter, although they said the victim's brother told them that defendant was the shooter. On cross-examination, Officer Flesher admitted that the only proof he had that no one other than defendant was armed was from the two eye witnesses' statements.

Based on Officer Flesher's preliminary hearing testimony, the trial court held defendant to answer on the murder charge and firearm use enhancement. (The prosecution did not seek an order holding defendant to answer to the street gang enhancement.)

Shortly after the preliminary hearing, the prosecution filed an information charging defendant with murder with firearm enhancement allegations under section 12022.53. About three years later, the prosecution filed an amended information that added alternative firearm enhancement allegations under section 12022.5, subdivisions (a) and (d).

Not long after, in June 2010, the parties entered into a plea agreement. Under that agreement, defendant would plead guilty to a new count charging voluntary manslaughter with a firearm enhancement allegation under section 12022.5, subdivision (a), and he would be sentenced to 36 years, eight months. Defendant pled guilty to the terms of the agreement later that day. A minute order from the hearing states that the information was amended by interlineation to include the charges defendant pled to and that there was a

"[f]actual basis established."  At the sentencing hearing, the trial court sentenced defendant to the agreed-on 36 years, eight months.

In May 2022, defendant petitioned for resentencing under section 1172.6.  The prosecution filed an "Informal Response" opposing the petition.  The prosecution argued defendant was ineligible for relief as a matter of law because the preliminary transcript conclusively established that defendant was the actual killer.  After appointing counsel for defendant and receiving briefing from him, the trial court summarily denied the petition.  The trial court found that defendant was not entitled to relief because he was "the actual killer/shooter and acted with intent to kill."  Defendant timely appealed.

III.

DISCUSSION

Defendant contends the trial court erred by summarily denying his section 1172.6 petition at the prima facie stage.  We agree.

1.  *Relevant Law*

"Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'"  (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

Pursuant to section 1172.6, as amended by Senate Bill No. 775, in the context of a guilty plea, "a petitioner convicted of murder is ineligible for resentencing if the record

4

establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; *or* (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437 . . . ." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.)

Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 so that persons who were convicted of attempted murder or manslaughter under a theory of felony murder or the natural and probable consequences doctrine are permitted the same relief as those convicted of murder under those theories. (Stats. 2021, ch. 551, § 2.)

"Senate Bill [No.] 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill [No.] 1437 [citation]." (*People v. Strong*, *supra*, 13 Cal.5th at p. 708, fn. omitted.)

If the section 1172.6 petition for resentencing contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the court must appoint counsel to represent

the petitioner upon his or her request (§ 1172.6, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*)).  The court also must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply within 30 days after the prosecutor's response is filed, and then the court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief."  (§ 1172.6, subd. (c).)

"While the trial court may look at the record of conviction *after the appointment of counsel* to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause."'  [Citation.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]"  (*Lewis*, *supra*, 11 Cal.5th at p. 971, italics added.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'"  (*Id*. at p. 972.)  "[T]he 'prima facie bar was intentionally and correctly set very low.'"  (*Ibid*.)  "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'"  (*Ibid*.)

6

At the prima facie stage, the court may deny a petition only if the petitioner is ineligible for relief as a matter of law.  (*Lewis*, *supra*, 11 Cal.5th at p. 966.)  In other words, the petition and the record of conviction must "establish conclusively that the defendant is ineligible for relief."  (*People v. Strong*, *supra*, 13 Cal.5th at p. 708.)  This is a pure question of law that we review de novo.  (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)  "[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'"  (*Lewis*, *supra*, 11 Cal.5th at p. 974.)

> 2.  *Analysis*

Defendant argues that the trial court erred by summarily denying his petition at the prima facie stage instead of issuing an order to show cause and holding an evidentiary hearing.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 957, 974-975.)  The People, on the other hand, contend the trial court properly denied the petition because the record conclusively establishes defendant was the actual killer and thus he is ineligible for relief as a matter of law.[3]  We agree with defendant.

The People point to two things in the record to support their position: the fact that defendant pled guilty to voluntary manslaughter and the preliminary hearing transcript. Although defendant pled guilty to voluntary manslaughter and a "factual basis" for the plea had been established, "absent an indication that a defendant admitted the truth of

---

[3]  We note that the People do not argue the trial court's error, if any, was harmless.

particular facts, the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes.'" (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235, quoting *People v. French* (2008) 43 Cal.4th 36, 50-51.) Nothing in the record suggests defendant admitted to any particular facts, so his plea cannot and does not conclusively establish that he is ineligible for relief. (See *People v. Flores*, *supra*, 76 Cal.App.5th at p. 991 [stipulation that preliminary hearing transcript provided factual basis for plea was not binding and thus did not conclusively establish defendant was ineligible for section 1172.6 relief]; *People v. Rivera*, *supra*, at p. 235 [stipulation to grand jury transcript as factual basis is not admission of truth of evidence in the transcript]; *People v. Thoma* (2007) 150 Cal.App.4th 1096, 1104 [a general stipulation to a factual basis for a plea does not amount to an admission of particular facts].) Instead, a stipulation to the factual basis for a plea "is an admission only of the facts necessary to the charged offense itself." (*People v. Banda* (2018) 26 Cal.App.5th 349, 359.)

The preliminary transcript likewise cannot and does not conclusively establish that defendant is ineligible for relief. Putting aside the hearsay issues with Officer Flesher's testimony that defendant raises, Officer Flesher's testimony could prove defendant was the actual killer and thus ineligible for relief only if it was found to be credible and true. That, in turn, would also require finding that the two witnesses' statements to Officer Flesher were true.

Thus, to find defendant was the actual shooter based on the preliminary hearing transcript, the court had to find that Officer Flesher was truthfully relaying the two

witnesses' statements and that those statements were truthful. In other words, "[t]o find [defendant] ineligible for resentencing on this record would require judicial factfinding, which is impermissible at the prima facie stage. [Citation.]" (*People v. Flores*, *supra*, 76 Cal.App.5th at pp. 991-992.) The preliminary hearing transcript therefore does not conclusively establish that defendant is ineligible for section 1172.6 relief as a matter of law.

As a result, we conclude that the trial court erred by finding that defendant was the actual killer and thus ineligible for relief. The court in turn erred by summarily denying defendant's petition without issuing an order to show cause and holding an evidentiary hearing.

IV.

CONCLUSION

The order summarily denying defendant's petition is reversed. The matter is remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and to hold a hearing under section 1172.6, subdivision (d)(1).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MENETREZ
J.

9