Filed 9/3/24  P. v. Mitchell CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN ROBERT MITCHELL,<br><br>    Defendant and Appellant. | B329928<br><br>(Los Angeles County<br>Super. Ct. No. YA028590) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant John Robert Mitchell appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6[1] (former § 1170.95).[2]  Because defendant is ineligible for section 1172.6 relief as a matter of law, we affirm.

## BACKGROUND

### I.   Preliminary Hearing

In 1996, an information was filed charging defendant with murder (§ 187, subd (a); count 1), first degree residential burglary (§ 459; count 2), and first degree residential robbery (§ 211; count 3), all committed against one victim.  The information also alleged that defendant had killed the victim during the burglary and robbery.

At the preliminary hearing, the prosecution called multiple witnesses, including Officer Cindy Gayda, a police officer for the City of Torrance, who described a videotaped interview she conducted with defendant immediately after his arrest.  After waiving his Miranda rights, defendant told Officer Gayda that he needed money and food, and remembered that his brother-in-law had a copy of the keys to the victim's house.  Defendant took the keys from his brother-in-law's truck, used them to enter the empty house, and began ransacking it.

When the victim came home, defendant hid from her. Fearful that she might be able to identify him, he waited for the

---

[1]      All further references are to the Penal Code unless otherwise indicated.

[2]      Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

victim to approach, then "jumped out at her from his hidden position and . . . placed his hands around her neck and put her down on the ground and then laid his body on top of her while he choked her."  "After several seconds of choking [the victim] she was unconscious.  But again he thought that there might have been some chance that she had recognized him or had seen him.  So he obtained . . . a[] [metal] bowl and hit her on the head with [it].[3]  After which he went through her purse.  Removed some currency from her purse.  He had already taken some other change and" other things from the house.  "[A]bout ten minutes after the attack he left the house through the side door[.]"

Defendant's trial counsel briefly cross-examined Officer Gayda.  He asked only two types of questions regarding her interviews with defendant:  (1) Had Officer Gayda interviewed defendant on other occasions (answer: yes), and (2) Was the recording of defendant's confession substantially complete (answer: yes).  Trial counsel did not challenge the accuracy of Officer Gayda's description of the confession.  Nor did he argue that defendant's confession was involuntary or otherwise invalid.

After the prosecution rested, the defense did not put on an affirmative defense or submit any motions.

## II.    Plea and Sentence

Defendant subsequently pled guilty to one count of first-degree murder, along with the burglary and robbery charges.  He also admitted the allegation that he committed the murder during the burglary and robbery.  Defendant's trial counsel stipulated that a factual basis existed for the plea, and did not

---

[3]      The victim never regained consciousness, succumbing to her injuries after four days in the hospital.

object to the trial court's use of preliminary hearing transcripts to render its factual findings. The trial court accepted his plea, "find[ing] a factual basis" for the plea "[b]ased on the reading of the preliminary hearing transcript[.]"

At the sentencing hearing, the trial court invited final statements from the prosecution and defendant. The prosecution summarized its theory of the case, asserting that defendant, acting alone, killed the victim while burglarizing her home. In his recitation, the prosecutor reminded the court "that we know many of these things because they came out in a videotaped confession that was given to us by" defendant.

When the prosecution concluded its presentation, defendant's trial counsel did not offer an alternate theory of the case. He clarified that he was "not standing up here to contest any of the facts that [the prosecution] has just re[cit]ed. In fact, most of the facts come from the mouth of [defendant] who did in fact give a very long videotaped confession . . . . He just wanted to tell . . . [Officer] Gayda that he was guilty [and] that he did it. [¶] That he was alone, and that he was sorry[.]"

Per defendant's plea deal, the trial court sentenced him to life in prison without the possibility of parole on the murder conviction. The trial court stayed sentences on the remaining counts pursuant to section 654.

III. **Resentencing Petition**

In May 2022, defendant filed a petition for resentencing pursuant to section 1172.6.

The prosecution opposed the petition, arguing that the transcript of the preliminary hearing demonstrated that defendant was prosecuted as the actual perpetrator of the murder. As exhibits to the opposition, the prosecution attached

4

copies of the preliminary hearing, plea hearings, and sentencing hearing transcripts.

In a written reply, defendant's appointed counsel urged that the preliminary hearing transcript could not be used to conclusively establish defendant's ineligibility for resentencing relief.

The matter proceeded to a hearing. After hearing arguments from both sides, the trial court denied defendant's petition. Based on *People v. Patton* (2023) 89 Cal.App.5th 649 (*Patton*), review granted June 28, 2023, S279670, as well as a "review of the preliminary [hearing] transcript [and] . . . all of the minute orders and the record in this case[,]" the trial court found defendant "ineligible for relief as a matter of law . . . [as] all the facts point to the fact that [he] was the actual killer." The court noted that no evidence in the record contradicted its finding.

## IV.   Appeal

Defendant timely appealed.

## DISCUSSION

## I.   Legal Background

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

"Section 1172.6 provides a mechanism whereby people 'who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019[]

5

may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court.' [Citation.]" (*People v. Arnold* (2023) 93 Cal.App.5th 376, 382.)

In order to obtain resentencing relief, a defendant convicted of murder must allege that (1) an information was filed against him allowing the prosecution to proceed under a theory of murder under the felony murder rule, the natural and probable consequences doctrine, or any "other theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)(1)); (2) he was convicted of murder (§ 1172.6, subd. (a)(2)); and (3) he could not now be convicted "because of changes to Section 188 or 189 made effective January 1, 2019" (§ 1172.6, subd. (a)(3)).

Upon the filing of a properly pleaded petition for resentencing, the trial court must conduct a prima facie analysis to determine the defendant's eligibility for relief. (§ 1172.6, subds. (b)(3) & (c).) "[T]he prima facie inquiry . . . is limited . . . '"[T]he court takes [a] [defendant]'s factual allegations as true and makes a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause"'" and set the matter for an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 971(*Lewis*).)

In making this assessment, the trial court may consider the defendant's record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) As our Supreme Court explained in *Lewis*, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, at p. 971.) However, "the court should not make

6

credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 974.)

## II. Use of Preliminary Hearing Transcript at the Prima Facie Stage

When a defendant's conviction follows a plea rather than a trial, the record of conviction includes the transcript of the defendant's preliminary hearing if the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted." (*People v. Reed* (1996) 13 Cal.4th 217, 223; see *Patton, supra,* 89 Cal.App.5th at p. 657.)

"Courts of Appeal are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing under section 117[2.6]." (*People v. Flores* (2022) 76 Cal.App.5th 974, 989 (*Flores*); compare *People v. Mares* (2024) 99 Cal.App.5th 1158, 1167 (*Mares*), review granted May 1, 2024, S284232 [record of conviction, including preliminary hearing transcript, supported no theory other than defendant acted alone as the actual killer]; *People v. Pickett* (2023) 93 Cal.App.5th 982, review granted Oct. 11, 2023, S281643 [courts can rely on preliminary hearing transcripts to determine prima facie eligibility even if a defendant does not stipulate to it as a factual basis for a plea]; *Patton, supra,* 89 Cal.App.5th 649 [court may rely on preliminary hearing transcript at prima facie stage if evidence contained therein is uncontroverted], *People v. Williams* (2024) 103 Cal.App.5th 375 [even if a preliminary hearing transcript provides probable cause that a defendant was the actual perpetrator, an information containing a generic charge of murder would still permit the prosecution to proceed at trial under an invalid theory of murder]; *People v. Davenport*

7

(2021) 71 Cal.App.5th 476, 481 (*Davenport*) [trial court erroneously relied on preliminary hearing transcript in making prima facie determination because defendant did not stipulate to the transcript as a factual basis for his plea].)

## III.   Standard of Review

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage.  (*People v. Coley* (2022) 77 Cal.App.5th 539.)

## IV.   Analysis

Defendant's record of conviction precludes him from making a prima facie case for relief under section 1172.6.

As described above, a successful prima facie case requires a defendant to aver, inter alia, that he could no longer be convicted "because of" the 2019 changes to sections 188 and 189.  (§ 1172.6, subd. (a)(3).)  Those legislative changes did not eliminate murder liability for persons prosecuted and convicted under a theory that they were the actual killer.  (*Mares*, *supra*, 99 Cal.App.5th at p. 1176.)  It follows that, "[a]s a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.'"[4] (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973.)

The record of conviction conclusively establishes that defendant was prosecuted and convicted as the actual killer.  As in *Patton*, *supra*, which remains good law during the pendency of the Supreme Court's review (Cal. Rules of Court, rules 8.1105, 8.1115), the transcript of defendant's preliminary hearing contained testimony from an investigating officer conclusively

---

[4]     Defendant argues that Senate Bill No. 1437 "eliminated the offense of second-degree felony murder, even for the actual killer."  Assuming arguendo that defendant is correct, his point has no bearing on his conviction for first degree murder.

8

establishing that defendant was the sole and actual killer. (See *Patton*, *supra*, 89 Cal.App.5th at p. 657.) But here, that evidence was even more decisive: In *Patton*, the testifying officers relied on surveillance video to determine that the defendant alone killed the victim; at defendant's preliminary hearing, Officer Gayda testified that defendant confessed to her that he brutally beat the victim and left her for dead while burglarizing her home.

Additionally, defendant subsequently stipulated that a factual basis existed for his guilty plea and did not object to the trial court's use of the preliminary hearing transcripts to confirm that basis. This further establishes that the preliminary hearing transcripts are sufficiently reliable to establish defendant's ineligibility for resentencing relief.[5] (See *Davenport, supra,* 71 Cal.App.5th at p. 483 [a preliminary hearing transcript can "not *conclusively* 'refute' [the] allegations" in a section 1172.6 petition unless the defendant "stipulate[d] that the [preliminary hearing] transcript provided [the] factual basis for [his] . . . plea"]; contra, *Flores*, *supra*, 76 Cal.App.5th at p. 991 [a defendant's "stipulation that the [preliminary hearing] transcript provided a factual basis for the plea is not a '"binding admission for all purposes[]"' [Citation.]"].)

---

[5] Defendant argues that the record does not establish the identity of the actual killer, since "[a]n admission to being the actual killer was not necessary to plead to first degree murder" and "being the actual killer was not an element of the offense of first degree murder." He ignores that the factual basis of his plea was not nebulous or constrained to the technical elements of first degree murder; as stipulated to by defendant during the plea hearing, his plea was based in part on the fact that he confessed to being the actual killer.

9

The preliminary hearing transcript is not the only document in the record of conviction that supports our conclusion. At the sentencing hearing, both the prosecution and the defense agreed that defendant's videotaped confession established that he was the sole and actual perpetrator of the victim's murder.[6] These statements reinforce the reliability of the preliminary hearing transcript as regards defendant's confession, and independently confirm that he confessed to being the actual killer.

Finally, even if we did "not credit the truth of any fact in the preliminary hearing transcript[,]. . . [w]hat matters is that the record supports no theory other than those where [defendant] was the actual killer, acting with no accomplice." (*Mares*, *supra*, 99 Cal.App.5th at p. 1167.) At the preliminary hearing, the prosecution proffered evidence that defendant, acting alone, burglarized and killed the victim. Later, at the sentencing hearing, the prosecution explained its theory of culpability in detail, arguing that defendant alone killed the victim.[7]

---

[6]  Defendant argues that the record of conviction following a plea conviction includes only "the charging document and the explicit terms of the plea agreement." But transcripts of both the preliminary hearing and sentencing hearing are properly considered as part of the record of conviction, including in postconviction proceedings after a guilty plea. (*People v. Thoma* (2007) 150 Cal.App.4th 1096, 1101.)

[7]  Defendant argues that the information nonetheless could have allowed the prosecution to go to trial on a different theory of murder liability. But the hypothetical possibility that the prosecution could have chosen to pursue an invalid murder theory if the case had gone differently has no bearing on what actually happened in this case. The record shows that, at all the proceedings before and after defendant's guilty plea, the

10

Defendant's trial counsel agreed, stating that he was "not standing up here to contest any of the facts that [the prosecution] has just re[cit]ed[,]" because "most of the facts come from the mouth of [defendant] who did in fact give a very long detailed videotaped confession" admitting that he was the sole killer.

No evidence in the record of conviction suggests that anyone other than defendant was the actual killer, or that anyone other than he and the victim were involved in the fatal struggle that took the victim's life. (See *Mares*, *supra*, 99 Cal.App.5th at p. 1167.) Therefore, "the record of conviction establishes ""facts refuting the allegations made in the petition,' . . . [justifying] 'the court . . . in making a credibility determination adverse to the petitioner.""" [Citation.]" (*Id.* at pp. 1168–1169.)

On appeal, defendant urges us to turn away from *Patton*, *supra*, 89 Cal.App.5th 649 and similar cases, arguing that a preliminary hearing transcript can never be relied upon at the prima facie stage. He makes two basic counterarguments in this vein. <u>First</u>, defendant contends that "[a] purely legal determination that the evidence at the preliminary hearing was *sufficient* to sustain the finding that defendant was the actual killer" can never amount to a factual finding conclusively establishing that defendant was the actual killer. Defendant thus insists that "[t]here is no way to arrive at the conclusion that [he] was the actual killer without weighing the preliminary hearing evidence and making an independent finding."

---

prosecution *only* advanced the theory that defendant was the sole killer.

11

But there is no improper weighing of evidence or credibility determination when, as here, the evidence presented in the preliminary hearing transcript is uncontroverted. (*Patton*, *supra*, 89 Cal.App.5th at p. 658.) At the preliminary hearing, defendant had the opportunity to challenge the introduction of his confession, but he declined to do so.[8] And at the sentencing hearing, both the prosecution and defendant's trial counsel confirmed that defendant had admitted to being the sole and actual perpetrator of the victim's murder. The record is undisputed that defendant was prosecuted and convicted as the actual killer.

Further, as explained above, the record establishes defendant's ineligibility without the need to credit or weigh any facts in the preliminary hearing transcript: Because the record contains no evidence suggesting that defendant could have been convicted under a now invalid theory of murder liability, defendant is not eligible for relief under section 1172.6. (*Mares*, *supra*, 99 Cal.App.5th at p. 1167.)

---

[8] Defendant argues that he should not be faulted for failing to challenge the introduction of his confession, because defendants have little incentive to challenge evidence introduced at a preliminary hearing. But defendant's trial counsel was not a silent witness to the preliminary hearing proceedings; he cross-examined every witness at the preliminary hearing, including Officer Gayda (although he did not question the accuracy of Officer Gayda's testimony describing defendant's confession). Trial counsel's failure to similarly attack defendant's confession, together with his later admission that the confession established defendant's guilt, suggests that the defense understood the confession to be valid and not susceptible to challenge.

12

Second, defendant argues that *Patton*, *supra*, 89 Cal.App.5th 649, impermissibly renders "preliminary hearing evidence sufficient to create a rebuttable presumption of ineligibility for relief," essentially requiring a petitioner in defendant's position to "make an offer of proof sufficient to show that his . . . eligibility for relief is indeed a disputable and disputed factual issue." He urges that this evidentiary burden is contrary to the basic prima facie hearing procedures established by section 1172.6, as well as the "very low" prima facie bar set by the Legislature. (See *Lewis*, *supra*, 11 Cal.5th at p. 972.)

Defendant is correct that, under section 1172.6, he has no burden to produce evidence at the prima facie stage to support the allegations in his petition. But otherwise, his argument misstates the prima facie inquiry in section 1172.6 proceedings. When reviewing a resentencing petition, a court does not ask whether sufficient evidence supports the allegations in a defendant's petition. The correct question is whether the record of conviction conclusively *contradicts* those allegations, such that it definitively establishes a defendant's ineligibility for resentencing relief.[9] (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

In this case, the preliminary hearing transcript does not create a rebuttable presumption of ineligibility that defendant must overcome by an offer of proof. Rather, the record of conviction as a whole conclusively establishes that defendant was

_____

[9] We take no position on whether, as some appellate courts have suggested, a defendant could hypothetically revive an allegation contradicted by the record of conviction by offering new evidence at the prima facie stage. (See, e.g., *Mares*, *supra*, 99 Cal.App.5th at p. 1174.) Here, defendant made no such proffer.

13

prosecuted and convicted as the actual killer. Having confessed to being the sole perpetrator of the victim's murder—and having allowed the judge presiding over his plea hearing to use that confession to find a factual basis for his guilty plea—defendant cannot resurface almost 30 years later and assert that he was not the actual killer.

Accordingly, defendant is ineligible for resentencing relief under section 1172.6.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:



_____, P. J.
LUI



_____, J.
HOFFSTADT

14